Marc S. Reiner (MR-6669)
Raymond A. Mascia Jr. (RM-8722)
ANDERSON KILL & OLICK, P.C
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 278-1000
Facsimile: (212) 278-1733

Attorneys for Defendants
Sony Music Entertainment and
Razor Sharp Records, LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACK URBONT,<br><br>                        Plaintiff,<br><br>         - against -<br><br>SONY MUSIC ENTERTAINMENT,<br>individually d/b/a EPIC RECORDS; DENNIS<br>COLES p/k/a GHOSTFACE KILLAH; and<br>RAZOR SHARP RECORDS, LLC,<br><br>                        Defendants. | 11-Civ-04516(NRB) |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)
## BY DEFENDANTS SONY MUSIC ENTERTAINMENT
## AND RAZOR SHARP RECORDS, LLC

# **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ...................................................................................1

STATEMENT OF FACTS ..........................................................................................1

ARGUMENT ...........................................................................................................4

I.      STANDARD OF REVIEW ON A RULE 12(B)(6) MOTION TO DISMISS ...................4

II.     THE APPLICABLE STATUTES OF LIMITATIONS BAR ALL FEDERAL
        CLAIMS RELATING TO SALES OF SONGS PRIOR TO MAY 21, 2007  IN
        ADDITION TO ALL STATE CLAIMS ...........................................................5

        A.      Plaintiff's Federal Copyright Infringement Claim Is Subject To The Three-Year
                Statute Of Limitations And Claims For Prior Alleged Infringements Should Be
                Dismissed ................................................................................ 6

        B.      Plaintiff's Common Law Copyright Infringement Claim Is Barred By The Three-
                Year Statute Of Limitations And Should Be Dismissed............................................. 16

        C.      Plaintiff's Misappropriation And Unfair Competition Claims Are Barred By The
                Three-Year Statute Of Limitations And Should Be Dismissed ................................. 17

        D.      Plaintiff Fails To State A Claim For An Accounting And That Claim Is Also
                Barred By The Three-Year Statute of Limitations And Should Be Dismissed .......... 17

III.    PLAINTIFF IS NOT ENTITLED TO EQUITABLE TOLLING OF THE STATUTE
        OF LIMITATIONS ON FRAUDULENT CONCEALMENT GROUNDS.....................18

        A.      Urbont Has Failed To Demonstrate That He Pursued The Discovery Of His
                Purported Claim With Due Diligence........................................................................ 20

        B.      Urbont Has Failed To Demonstrate That Defendants Engaged In Wrongful
                Concealment That Prevented His Discovery Of The Alleged Infringement .............. 21

        C.      The Complaint Fails To Meet The Heightened Standards Required For Pleading
                Fraudulent Concealment ........................................................................... 23

CONCLUSION......................................................................................................24

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

## CASES

*Arnold v. KPMG LLP*,
   334 F. App'x 349 (2d Cir. 2009) ..................................................................20

*Ashcroft v. Iqbal*,
   ___ U.S. ___, 129 S. Ct. 1937 (2009) ...........................................................12

*Auscape Int'l v. Nat'l Geographic Soc'y*,
   409 F. Supp. 2d 235 (S.D.N.Y. 2004) ..............................................6, 7, 8, 11

*Barkley v. Olympia Mortg. Co.*,
   No. 04-Civ-875, 2007 WL 2437810 (E.D.N.Y. Aug. 22, 2007) .....................23

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007) ........................................................................................4

*Bishop v. Henry Modell & Co.*,
   No. 08-Civ-7541, 2009 WL 3762119 (S.D.N.Y. Nov. 10, 2009),
   *aff'd*, 2011 WL 1789986 (2d Cir. May 11, 2011) ........................................4, 5

*Boos v. Runyon*,
   201 F.3d 178 (2d Cir. 2000)...........................................................................19

*Brand v. RMM*,
   No. 10-Civ-287, 2011 WL 1496344 (S.D.N.Y. Apr. 18, 2011) .................13, 21

*Broadvision Inc. v. Gen. Elec. Co.*,
   No. 08-Civ-1478, 2009 WL 1392059 (S.D.N.Y. May 5, 2009) ...........4, 5, 8, 10

*C.A. Inc. v. Rocket Software, Inc.*,
   579 F. Supp. 2d 355 (E.D.N.Y. 2008) ..............................................................8

*Cardiello v. Money Store, Inc.*,
   No. 00-Civ-7332, 2001 WL 604007 (S.D.N.Y. June 1, 2001),
   *aff'd*, 29 F. App'x 780 (2d Cir. 2002) ...........................................................20

*Catlin v. Manilow*,
   170 A.D.2d 357, 566 N.Y.S.2d 59 (1st Dep't 1991) ..............................6, 16, 17

*Cerasani v. Sony Corp.*,
   991 F. Supp. 343 (S.D.N.Y. 1998) ...................................................................5

<u>**TABLE OF AUTHORITIES**</u>
**(Con't)**

<u>Page</u>

*Charles Atlas, Ltd. v. DC Comics, Inc.*,
   112 F. Supp. 2d 330 (S.D.N.Y. 2000)...............................................................13

*Chivalry  Film Prods. v. NBC Universal, Inc.*,
   No. 05-Civ-5627, 2006 WL 89944 (S.D.N.Y. Jan. 11, 2006) ................................. passim

*In re Ciprofloxacin Hydrochloride Antitrust Litig.*,
   261 F. Supp. 2d 188 (E.D.N.Y. 2003) ...........................................................23

*Cmty. For Creative Non-Violence v. Reid*,
   490 U.S. 730 (1989).......................................................................5

*Condit v. Dunne*,
   317 F. Supp. 2d 344 (S.D.N.Y. 2004)..........................................................5

*Cortner v. Israel*,
   732 F.2d 267 (2d Cir. 1984)...............................................................18

*Costanza v. Seinfeld*,
   279 A.D.2d 255, 719 N.Y.S.2d 29 (1st Dep't 2001).................................6, 16, 17

*DeCarlo v. Archie Comic Publ'ns, Inc.*,
   127 F. Supp. 2d 497 (S.D.N.Y.), *aff'd*, 11 F. App'x 26 (2d Cir. 2001)............................16

*Dodds v. Cigna Secs., Inc.*,
   12 F.3d 346 (2d Cir. 1993)................................................................20

*Doe v. Menefee*,
   391 F.3d 147 (2d Cir. 2004)...............................................................19

*Fezzani v. Bear, Stearns & Co.*,
   No. 99-Civ-793, 2005 WL 500377 (S.D.N.Y. Mar. 2, 2005)...........................................23

*Goldberg v. Cameron*,
   482 F. Supp. 2d 1136 (N.D. Cal. 2007) ....................................................13, 14

*Grimes v. Fremont Gen. Corp.*,
   ___ F. Supp. 2d ___, 2011 WL 1899403 (S.D.N.Y. Mar. 31, 2011)...............................23

*Gurvey v. Cowan, Liebowitz & Latman, PC*,
   No. 06-Civ-1202, 2009 WL 1117278 (S.D.N.Y. Apr. 24, 2009) ......................................17

*Harris v. Mills*,
   572 F.3d 66 (2d Cir. 2009)................................................................11

**TABLE OF AUTHORITIES**
**(Con't)**

Page

*Harris v. Simon & Schuster, Inc.*,
    646 F. Supp. 2d 622 (S.D.N.Y. 2009) ...................................................................6, 8, 10

*Kwan v. Schlein*,
    634 F.3d 224 (2d Cir. 2011)..........................................................................7, 9, 11

*In re Landmark Distribs., Inc.*,
    189 B.R. 290 (Bankr. D.N.J. 1995) ........................................................... 12-13

*Levy v. Southbrook Int'l Invs., Ltd.*,
    263 F.3d 10 (2d Cir. 2001).................................................................................2

*Lindsay v. Wrecked and Abandoned Vessel R.M.S. Titanic*,
    52 U.S.P.Q.2d 1609 (S.D.N.Y. 1999)..........................................................18

*Manuel v. Paramount Pictures*,
    No. 01-Civ-814, 2001 WL 1135917 (S.D.N.Y. Sept. 26, 2001) .......................13

*Med. Educ. Dev. Servs., Inc. v. Reed Elsevier Grp., PLC*,
    No. 05-Civ-8665, 2008 WL 4449412 (S.D.N.Y. Sept. 30, 2008) ......................8

*Merchant v. Levy*,
    92 F.3d 51 (2d Cir. 1996) ....................................................................5, 7, 10

*In re Merrill Lynch Ltd. P'ships Litig.*,
    7 F. Supp. 2d 256 (S.D.N.Y. 1997), *aff'd*, 154 F.3d 56 (2d Cir. 1998) ............................20

*In re Merrill Lynch Ltd. P'ships Litig.*,
    154 F.3d 56 (2d Cir. 1998)...........................................................................20, 21

*Mfrs. Life Ins. Co. (U.S.A.) v. Donaldson, Lufkin & Jenrette Sec. Corp.*,
    No. 99-Civ-1944, 2000 WL 709006 (S.D.N.Y. June 1, 2000) ............................3

*Nat'l Grp. for Commc'ns and Computers Ltd. v. Lucent Techs. Inc.*,
    420 F. Supp. 2d 253 (S.D.N.Y. 2006)......................................................19, 20, 21

*Opals on Ice Lingerie v. BodyLines, Inc.*,
    425 F. Supp. 2d 286 (E.D.N.Y. 2004) .........................................................17

*Ortiz v. Guitian Bros. Music, Inc.*,
    No. 07-Civ-3897, 2008 WL 4449314 (S.D.N.Y. Sept. 29, 2008) ......................... 13-14, 21

**TABLE OF AUTHORITIES**
**(Con't)**

Page

*Parks v. ABC, Inc.*,
    341 F. App'x 737 (2d Cir. 2009) .................................................................7, 11

*Poindexter v. Warner/Chappell Music Inc.*,
    No. 06-Civ-3403, 2009 WL 302064 (S.D.N.Y. Feb. 9, 2009) .........................15

*Price v. Fox Entm't Grp., Inc.*,
    473 F. Supp. 2d 446 (S.D.N.Y. 2007)............................................................21

*Rafter v. Liddle*,
    704 F. Supp. 2d 370 (S.D.N.Y. 2010)............................................................23

*Rico Records Distribs., Inc. v. Ithier*,
    No. 04-Civ-9782, 2005 WL 2174006 (S.D.N.Y. Sept. 8, 2005) ............................2, 13, 21

*Roberts v. Keith*,
    No. 04-Civ-10079, 2006 WL 547252 (S.D.N.Y. Mar. 7, 2006)......................5, 8, 10

*Rosner v. Codata Corp.*,
    917 F. Supp. 1009 (S.D.N.Y. 1996)................................................................11

*Salerno v. City Univ. of N.Y.*,
    191 F. Supp. 2d 352 (S.D.N.Y. 2001)............................................................11

*Sharp v. Patterson*,
    No. 03-Civ-8772, 2004 WL 2480426 (S.D.N.Y. Nov. 3, 2004).......................6, 7, 8, 10

*Simon-Whelan v. Andy Warhol Found. for the Visual Arts, Inc.*,
    No. 07-Civ-6423, 2009 WL 1457177 (S.D.N.Y. May 26, 2009) ....................22

*Smith v. City of N.Y. Dep't of Corr.*,
    No. 09-Civ-7639, 2010 WL 5298013 (S.D.N.Y. Dec. 21, 2010) ....................18

*SongByrd, Inc. v. Estate of Grossman*,
    206 F.3d 172 (2d Cir. 2000)............................................................................16

*Sporn v. MCA Records, Inc.*,
    58 N.Y.2d 482, 448 N.E.2d 1324, 462 N.Y.S.2d 413 (1983).........................6, 16

*Staehr v. Hartford Fin. Servs. Group, Inc.*,
    547 F.3d 406 (2d Cir. 2008)..............................................................................3

*Stein v. RKO Pictures, Inc.*,
    53 U.S.P.Q. 294 (S.D.N.Y. 1942)..................................................................16

## TABLE OF AUTHORITIES
### (Con't)

Page

*Stone v. Williams*,
    970 F.2d 1043 (2d Cir. 1992)............................................................ 7, 9, 10-11

*TRW Inc. v. Andrews*,
    534 U.S. 19 (2001)....................................................................................8

*Thee v. Parker Bros.*,
    No. 75-Civ-1554, 1978 WL 950 (E.D.N.Y. Mar. 9, 1978)...............................16

*Tropp v. Corp. of Lloyd's*,
    No. 07-Civ-414, 2008 WL 5758763 (S.D.N.Y. Mar. 26, 2008),
    *aff'd*, 385 F. App'x 36 (2d Cir. 2010)...............................................................5

*U.S. Naval Inst. v. Charter Commc'ns, Inc.*,
    936 F.2d 692 (2d Cir. 1991).......................................................................18

*Ulloa v. Universal Music and Video Distrib. Corp.*,
    303 F. Supp. 2d 409 (S.D.N.Y. 2004)..........................................................18

*Vasquez v. Torres-Negron*,
    No. 06-Civ-619, 2007 WL 2244784 (S.D.N.Y. July 11, 2007).........................8

*Walker v. Jastremski*,
    430 F.3d 560 (2d Cir. 2005).......................................................................19

*Weber v. Geffen Records, Inc.*,
    63 F. Supp. 2d 458 (S.D.N.Y. 1999)..................................................... passim

*Williams v. Curington*,
    662 F. Supp. 2d 33 (D.D.C. 2009) ...........................................................13, 15

*Zerilli-Edelglass v. N.Y. City Transit Auth.*,
    333 F.3d 74 (2d Cir. 2003)........................................................................15

## STATUTES

17 U.S.C. § 507(b) .........................................................................................6

N.Y. C.P.L.R. 214(4) ...............................................................................16, 17

Fed. R. Civ. P. 12(b)(6)...........................................................................1, 2, 4

Fed. R. Civ. P. 9(b) .......................................................................................23

## <u>TABLE OF AUTHORITIES</u>
### (Con't)

<u>Page</u>

Fed. R. Evid. 201 ...................................................................................................................3


### TREATISES

Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT .............................................9, 19

## PRELIMINARY STATEMENT

Defendants Sony Music Entertainment, individually and d/b/a Epic Records, and Razor Sharp Records, LLC[1] (collectively, "Sony") respectfully submit that the claims in plaintiff's complaint (the "Complaint") are untimely and therefore are barred by the applicable statutes of limitations. The Complaint purports to state a claim for federal copyright infringement and related claims under New York State law based upon Sony's sale of two songs – entitled "Intro" and "Iron's Theme - Conclusion." Those two songs appeared on an album entitled *Supreme Clientele*. Plaintiff failed, however, to bring those claims within the applicable three-year statutes of limitations, which began running when Sony released *Supreme Clientele* back in 2000. As a result, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) as to all state law claims and all federal claims relating to alleged infringements occurring prior to May 21, 2007. [2]

## STATEMENT OF FACTS

The following facts are alleged in the Complaint and other documents that may be considered on a motion to dismiss. These facts are taken as true only for the purposes of this motion.

Plaintiff Jack Urbont ("Urbont") is "a lifelong songwriter, conductor, orchestrator and music producer." Complaint ¶ 5.[3] Urbont has written music that has been heard in "the realms of theatre, film, radio, and television" for many decades. *Id.* ¶¶ 10, 11. As a pianist/music director/conductor, Urbont has "worked with a host of legends" including Julie Andrews,

---

[1]   Razor Sharp Records, LLC was dissolved in 2010 and therefore no longer exists as a legal entity.

[2]   Though the Complaint was filed on June 30, 2011, Sony entered into a tolling agreement with Urbont effective May 21, 2010.

[3]   For the Court's convenience, the Complaint is attached to the Notice of Motion as Exhibit 1.

Sammy Davis Jr., Bob Hope, Dom DeLuise, Tyne Daly, and Florence Henderson.  *Id.* ¶ 16.
Urbont's music has also been featured on specials for more contemporary artists, such as Ricky
Martin and Mike Myers, and in the 2008 blockbuster film *Iron Man*.  *Id.* ¶¶ 16, 19

Urbont wrote the theme for the "Iron Man" segment from a 1960s cartoon show entitled
*The Marvel Super Heroes* (the "Iron Man Theme").  *Id.* ¶ 5.  Urbont "is the legal and beneficial
owner of an undivided interest in the original copyrighted musical composition and sound
recording" for the Iron Man Theme.  *Id.*  The Iron Man Theme has allegedly "become
synonymous" with that superhero character.  *Id.* ¶ 17.

In sum, Urbont is a highly experienced composer and musician who "derives a
substantial portion of his income from the sale, distribution, and licensing of his musical works
and sound recordings as well as performances of his works on television and film."  *Id.* ¶ 19.  As
the Complaint acknowledges, Urbont's reliance upon these fees for his income requires him to
act diligently to protect his rights from infringement.  *See id.* ¶ 31.  Although the Complaint
alleges that Urbont exercised "reasonable diligence," Urbont claims that he did not learn about
the songs at issue in this litigation until "recently," notwithstanding the widespread release and
sales of the album containing those songs upon its release over ten years ago.  *Id.*

*Supreme Clientele* by Dennis Coles p/k/a Ghostface Killah ("Ghostface") – the album at
issue in this litigation – was released by Sony in 2000.  *See* Notice of Motion, Ex. 2.[4]  *Supreme
Clientele* was a major release for Sony and, as a result, the album was the subject of extensive
coverage by leading general-interest media outlets – such as *Entertainment Weekly*, the *Los*

---

[4]    The liner notes of *Supreme Clientele* are relied upon in paragraph 33 of the Complaint and therefore
      may be considered on a motion pursuant to Fed. R. Civ. P. 12(b)(6).  *See, e.g.*, *Levy v. Southbrook
      Int'l Invs., Ltd.*, 263 F.3d 10, 13 n.3 (2d Cir. 2001); *Rico Records Distribs., Inc. v. Ithier*, No. 04-Civ-
      9782, 2005 WL 2174006, at *2 (S.D.N.Y. Sept. 8, 2005) (album cover referenced in counterclaims
      may be considered on motion to dismiss).

*Angeles Times*, the *New York Post*, and *USA Today* – and also media focused on the music industry – such as *Rolling Stone* and *Spin*.[5]  *See* Notice of Motion, Ex. 3.  Many of those articles referenced Iron Man, either as a nickname for Ghostface or a reference to the title of his previous album.  *Id.*; Complaint ¶ 52.  In the February 26, 2000 issue of the music-industry publication *Billboard*, *Supreme Clientele* debuted at number 7 on the *Billboard* 200 and was labeled that week's "Hot Shot Debut."  Notice of Motion, Ex. 4.  The album also placed at number 2 that week on the *Billboard* Top R&B/Hip-Hop Albums and was listed as the "Greatest Gainer" for the week on that chart.  *Id.*  In that same issue of *Billboard*, there was a photograph of Ghostface that was purportedly taken during Ghostface's promotional tour for *Supreme Clientele*.  *Id.*

The Complaint alleges that Ghostface copied the "totality" of the sound recording and composition for the Iron Man Theme "verbatim" on both the first track and the last track of *Supreme Clientele* – titled "Intro" and "Iron's Theme - Conclusion," respectively.  *See* Complaint ¶¶ 23, 60; Notice of Motion, Ex. 2.  Despite this allegedly verbatim copying of the entire Iron Man Theme, Urbont nonetheless waited **over ten years** after *Supreme Clientele* was released to first complain about the alleged violation of his rights.

The Complaint alleges that Urbont only "recently discovered" these open and notorious allegedly verbatim copies of his entire song.  Complaint ¶ 31.  As an attempt to explain how this recent discovery could be possible if Urbont were diligently protecting his rights to his

---

[5]   Sony respectfully requests that the Court take judicial notice, pursuant to Fed. R. Evid. 201, of these articles so they may be considered on this motion to dismiss.  *See, e.g.*, *Mfrs. Life Ins. Co. (U.S.A.) v. Donaldson, Lufkin & Jenrette Sec. Corp.*, No. 99-Civ-1944, 2000 WL 709006, at *1 n.1 (S.D.N.Y. June 1, 2000) (Buchwald, J.) (taking judicial notice of newspaper articles on motion to dismiss).  These articles are submitted not for the truth of their contents, but to demonstrate that media coverage of the release of *Supreme Clientele* was widespread and Urbont would have been aware of the album had he exercised reasonable diligence in protecting his rights.  *See, e.g.*, *Staehr v. Hartford Fin. Servs. Group, Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) (holding that it is proper to take judicial notice of media coverage on a motion to dismiss in deciding whether inquiry notice was present and sufficient to trigger the statute of limitations).

copyrighted works, the Complaint alleges that Urbont "is over 80 years old and would not normally encounter the Defendants' rap music in the ordinary course of his dealings in the music industry or otherwise." *Id.* ¶ 32.  As previously stated, however, the release of *Supreme Clientele* was the subject of considerable attention from both mainstream media outlets as well as media focusing on the music industry.  Indeed, *Billboard* magazine listed *Supreme Clientele* as the number 7 album in the entire country, not as a niche release in a far corner of the music industry.

## ARGUMENT

## I.      STANDARD OF REVIEW ON A RULE 12(B)(6) MOTION TO DISMISS

A statute of limitations defense may be asserted and considered by the Court on a Rule 12(b)(6) motion to dismiss, even when that defense does not bar all of the claims in the complaint.  *See, e.g.*, *Broadvision Inc. v. Gen. Elec. Co.*, No. 08-Civ-1478, 2009 WL 1392059, at *6-7 (S.D.N.Y. May 5, 2009) (granting motion to dismiss only as to claims for copyright infringement occurring more than three years prior to filing of complaint).  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must provide the grounds upon which the claim rests through factual allegations sufficient "to state a claim for relief that is plausible on its face." *Bishop v. Henry Modell & Co.*, No. 08-Civ-7541, 2009 WL 3762119, at *3 (S.D.N.Y. Nov. 10, 2009) (Buchwald, J.) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)), *aff'd*, 2011 WL 1789986 (2d Cir. May 11, 2011).  "Where a plaintiff has not 'nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed.'"  *Bishop*, 2009 WL 3762119, at *3 (quoting *Bell Atl. Corp.*, 550 U.S. at 547) (alteration in original).

While the Court must accept as true all of the allegations in the Complaint, the Court is not bound to accept the veracity of a legal conclusion couched as a factual allegation.  *See, e.g.*,

*Bishop*, 2009 WL 3762119, at *3 (noting that a legal conclusion "must be supported by factual allegations").  Although the Court is limited to the facts as stated in the Complaint, it may consider exhibits or documents incorporated by reference without converting the motion to dismiss into one for summary judgment.  *See, e.g.*, *Tropp v. Corp. of Lloyd's*, No. 07-Civ-414, 2008 WL 5758763, at *9 (S.D.N.Y. Mar. 26, 2008) (Buchwald, J.), *aff'd*, 385 F. App'x 36 (2d Cir. 2010).  The Court also may take judicial notice of the publication and distribution of news articles.  *See, e.g.*, *Condit v. Dunne*, 317 F. Supp. 2d 344, 358 (S.D.N.Y. 2004); *Cerasani v. Sony Corp.*, 991 F. Supp. 343, 354 n.3 (S.D.N.Y. 1998).

## II.  THE APPLICABLE STATUTES OF LIMITATIONS BAR ALL FEDERAL CLAIMS RELATING TO SALES OF SONGS PRIOR TO MAY 21, 2007 IN ADDITION TO ALL STATE CLAIMS

Enforcing the applicable statute of limitations is consistent with the Copyright Act's goal of "enhancing predictability and certainty of copyright ownership" (*Cmty. For Creative Non-Violence v. Reid*, 490 U.S. 730, 749 (1989)) as well as "the principles of repose integral to a properly functioning copyright market."  *Merchant v. Levy*, 92 F.3d 51, 57 (2d Cir. 1996).  These principles weigh in favor of dismissal of time-barred claims where, as in this case, Urbont has inexcusably waited over ten years to bring this action.

Because each sale by Sony of the allegedly infringing tracks from *Supreme Clientele* allegedly constitutes a separate federal copyright violation, Sony's motion seeks to dismiss only Urbont's federal copyright infringement claims corresponding to sales prior to May 21, 2007, which is three years prior to the effective date of the parties' tolling agreement.  Dismissing only those federal copyright claims that are time-barred is done frequently in this Circuit.  *See, e.g.*, *Broadvision Inc.*, 2009 WL 1392059, at *6-7 (granting motion to dismiss only as to claims for copyright infringement occurring more than three years prior to filing of complaint); *Roberts v. Keith*, No. 04-Civ-10079, 2006 WL 547252, at *3-4 (S.D.N.Y. Mar. 7, 2006) (same); *Chivalry*

*Film Prods. v. NBC Universal, Inc.*, No. 05-Civ-5627, 2006 WL 89944, at *1 (S.D.N.Y. Jan. 11, 2006) (same); *Sharp v. Patterson*, No. 03-Civ-8772, 2004 WL 2480426, at *12 (S.D.N.Y. Nov. 3, 2004) (same).

The state claims are completely barred by the applicable three-year statutes of limitations, however, and thus Urbont is not entitled to bring these claims even in connection with sales of the allegedly infringing tracks after May 21, 2007.  *See, e.g.*, *Sporn v. MCA Records, Inc.*, 58 N.Y.2d 482, 489, 448 N.E.2d 1324, 1327, 462 N.Y.S.2d 413, 416 (1983) (barring claim in entirety where original copying of pre-1972 record occurred more than three years before suit was filed); *Costanza v. Seinfeld*, 279 A.D.2d 255, 255-56, 719 N.Y.S.2d 29, 31 (1st Dep't 2001); *Catlin v. Manilow*, 170 A.D.2d 357, 358, 566 N.Y.S.2d 59, 60 (1st Dep't 1991).

### A.     Plaintiff's Federal Copyright Infringement Claim Is Subject To The Three-Year Statute Of Limitations And Claims For Prior Alleged Infringements Should Be Dismissed

#### 1.     The Injury Rule Applies to Copyright Infringement Claims

The statute of limitations for a federal copyright infringement action is three years.  *See* 17 U.S.C. § 507(b).  The text of the Copyright Act itself, however, does not state whether the action accrues at the time of the alleged infringement (the "injury rule") or when the plaintiff discovers or should have discovered the injury upon which the claim is based (the "discovery rule").  Although the Copyright Act is silent on the point, the majority of district courts in this Circuit have recently concluded that a copyright infringement claim accrues at the time of the infringement.  *See, e.g.*, *Harris v. Simon & Schuster, Inc.*, 646 F. Supp. 2d 622, 630 (S.D.N.Y. 2009).

The leading opinion on this subject is *Auscape International v. National Geographic Society*, 409 F. Supp. 2d 235 (S.D.N.Y. 2004).  In *Auscape*, Judge Kaplan conducted an exhaustive review of the legislative history of the Copyright Act and concluded that the injury

rule should apply to copyright infringement claims.  Judge Kaplan noted that Congress' desire to impose a federal statute of limitations for copyright actions arose from the "broad dissatisfaction with the uncertainty caused by reliance on state statutes of limitation," which varied in length from state to state, and that the injury rule was consistent with the Copyright Act's "overriding goal of certainty."  *Id.* at 245, 247.  Judge Kaplan therefore rejected the discovery rule, reasoning that it was "unlikely that Congress intended that the accrual of an infringement claim [should] depend on something as indefinite as when the copyright owner learned of the infringement."  *Id.*

Although the discovery rule may have been applied to copyright infringement cases in this Circuit previously, intervening Supreme Court precedent mandates the reconsideration of that approach.  In *Auscape*, Judge Kaplan noted that the majority of copyright infringement cases before *Auscape* had applied the discovery rule, dating back to and relying on the holdings of the two Second Circuit cases of *Merchant v. Levy*, 92 F.3d 51 (2d Cir. 1996) and *Stone v. Williams*, 970 F.2d 1043 (2d Cir. 1992).  For Judge Kaplan, however, the important distinction about that pair of cases is that they were not for infringement, but for declarations of co-ownership, and that their reasoning "rest[ed] entirely on then prevalent views regarding the accrual of federal claims generally."  *Auscape*, 409 F. Supp. 2d at 243–44.[6]  Judge Kaplan noted that not only did those

---

[6]    Courts in this Circuit still apply the discovery rule to determine the time of accrual for copyright *ownership* claims.  *See, e.g.*, *Kwan v. Schlein*, 634 F.3d 224, 228 (2d Cir. 2011); *Parks v. ABC, Inc.*, 341 F. App'x 737, 738 (2d Cir. 2009).  However, this application of the discovery rule to *ownership* claims should not be extended to copyright *infringement* claims.  *See Kwan*, 634 F.3d at 228 (contrasting accrual of ownership claims and infringement claims); *Sharp*, 2004 WL 2480426, at *12 ("The Second Circuit has made clear that claims of infringement and co-ownership are distinct.") (citing *Merchant*, 92 F.3d at 57 n.8).  One reason for this differential treatment lies in the distinct nature between the remedy afforded for ownership claims, on the one hand, and infringement claims, on the other.  *Sharp*, 2004 WL 2480426, at *12.  For an infringement claim, each alleged act of infringement gives rise to an independent claim, and thus a plaintiff may recover for any acts of infringement that he can prove occurred within three years of bringing suit.  *See, e.g.*, *Kwan*, 634 F.3d at 228  In contrast, the statute of limitations for an ownership claim accrues once and the

two cases arise in a different posture, but that the Supreme Court subsequently altered the landscape in *TRW Inc. v. Andrews*, 534 U.S. 19 (2001) when it "rejected the previously dominant view that federal courts should apply an injury rule only when Congress explicitly has adopted that rule." *Auscape*, 409 F. Supp. 2d at 243–44.   Instead, the Court in *TRW* required federal courts to "look beyond the specific language of the statute to its text and structure in determining what rule should apply when the statute is silent." *Id.* at 244.   Judge Kaplan therefore concluded that not only is it "uncertain whether *Stone* and *Merchant* remain good law even in the co-ownership context," but that, "uncritical extension of [*Stone* and *Merchant*] to the infringement context would be unwarranted." *Id.*

Numerous courts in this Circuit have found Judge Kaplan's reasoning in *Auscape* to be entirely persuasive and have adopted the injury rule. *See, e.g.*, *Harris*, 646 F. Supp. 2d at 630 ("[T]he majority of courts in this Circuit have most recently concluded that a copyright claim accrues at the time of infringement, rather than at the time of discovery."); *Broadvision Inc.*, 2009 WL 1392059, at *6; *Med. Educ. Dev. Servs., Inc. v. Reed Elsevier Grp., PLC*, No. 05-Civ-8665, 2008 WL 4449412, at *10 (S.D.N.Y. Sept. 30, 2008); *C.A. Inc. v. Rocket Software, Inc.*, 579 F. Supp. 2d 355, 360 (E.D.N.Y. 2008); *Vasquez v. Torres-Negron*, No. 06-Civ-619, 2007 WL 2244784, at *7 (S.D.N.Y. July 11, 2007); *Roberts*, 2006 WL 547252, at *3; *Chivalry Film Prods.*, 2006 WL 89944, at *1; *Sharp*, 2004 WL 2480426, at *12.   We are unaware of any court within this Circuit that has expressly rejected Judge Kaplan's thorough analysis in *Auscape*. Moreover, the authoritative treatise on copyright law – *Nimmer on Copyright* – praises the *Auscape* opinion as "the best articulation to date of how to compute the Copyright Act's statute of limitations" and urges courts that applied the discovery rule before *TRW Inc. v. Andrews* to

---

plaintiff is therefore afforded the luxury of the discovery rule.  *See, e.g.*, *id.*; *Sharp*, 2004 WL 2480426, at *12 n.18.

"now follow *Auscape*'s construction of that authority to adopt the injury rule."  3 Melville B.

Nimmer & David Nimmer, NIMMER ON COPYRIGHT § 12.05[B][2][b] (2011).

   Furthermore, the Second Circuit has recently suggested that the injury rule applies to

copyright infringement claims.  In *Kwan v. Schlein*, a copyright ownership case decided in

January of this year, the Second Circuit noted that an ownership claim accrues only once, "when

'a reasonably diligent plaintiff would have been put on inquiry as to the existence of a right.'"

634 F.3d at 228 (quoting *Stone*, 970 F.2d at 1048).  The Second Circuit then noted the distinction

in how an infringement claim accrues:

> By contrast, an infringement action may be commenced within
> three years of *any* infringing act, regardless of any prior acts of
> infringement; we have applied the three-year limitations period to
> bar only recovery for infringing acts occurring outside the three
> year period.

634 F.3d at 228 (emphasis in original).  The Second Circuit therefore acknowledged the

"contrast" between how the statute of limitations accrues for ownership claims (with the

discovery of the claim) and for infringement claims (with the occurrence, not discovery, of an

"infringing act").  In noting this contrast, the Second Circuit appears to join Professor Nimmer

and numerous judges in this District in stating that the injury rule applies to infringement claims.

   The great weight of authority therefore holds that the injury rule applies to a

determination of when Urbont's federal copyright infringement claim accrues.  In any event, as

discussed below, the analysis requires the same result whether the Court applies the injury rule or

the discovery rule to Urbont's claims – dismissal of Urbont's claims outside of the three years

prior to the parties' tolling agreement on May 21, 2010.

**2.      Plaintiff's Federal Copyright Infringement Claim Is Time-Barred
As To Any Allegedly Infringing Acts Occurring Prior To May 21,
2007**

Under the injury rule, the three-year statute of limitations for a copyright infringement

claim begins to run at the time of the alleged infringement without regard to the date on which

the plaintiff first discovers the infringement.  *See, e.g.*, *Harris*, 646 F. Supp. 2d at 630.  The

Complaint alleges that the relevant infringement is Ghostface's alleged copying of the sound

recording and composition for the Iron Man Theme on two tracks of his album *Supreme*

*Clientele*, which was released by Sony over ten years ago in 2000.  Complaint ¶¶ 23, 33; Notice

of Motion, Ex. 2.  Thus, Urbont's copyright infringement claim must be dismissed as time-barred

as to any alleged infringements that took place more than three years prior to the parties' tolling

agreement on May 21, 2010.  *See, e.g.*, *Broadvision Inc.*, 2009 WL 1392059, at *6-7; *Roberts*,

2006 WL 547252, at *3-4; *Chivalry Film Prods.*, 2006 WL 89944, at *1; *Sharp*, 2004 WL

2480426, at *12.

**3.      Even if the Discovery Rule Applies, The Federal Copyright
Infringement Claim Is Time-Barred As To Any Allegedly
Infringing Acts Occurring Prior To May 21, 2007**

> *(a)      Even Under The Discovery Rule, Plaintiffs Are Only
> Entitled To Relief For Infringing Acts That Occurred
> Within Three Years Of The Filing Of The Complaint*

Even if the Court were to disregard the dominant trend in applying the injury rule and

apply the discovery rule, Urbont would still not be entitled to any damages or other relief

concerning sales of the allegedly infringing tracks on *Supreme Clientele* that took place before

May 21, 2007.  The law has long been clear in this Circuit, even under *Merchant* and *Stone*, that

a plaintiff is only entitled to damages for infringing acts that occurred in the three years

preceding the filing of the complaint.  *See, e.g.*, *Merchant*, 92 F.3d at 57 n.8 (noting that

"recovery is barred for any infringing acts occurring more than three years prior to suit"); *Stone*,

970 F.2d at 1049–50 ("Recovery is allowed only for those acts occurring within three years of

suit, and is disallowed for earlier infringing acts."); *accord Kwan*, 634 F.3d at 228 (noting that

recovery is barred for "infringing acts occurring outside the three year period"); *Parks*, 341 F.

App'x at 739 (allowing claims only "for any infringement that occurred within three years of the

filing of this lawsuit"). This Court has similarly held, pre-*Auscape*, that "[i]n the case of

multiple acts of infringement, *only those that occurred within three years of the filing of the*

*action would be viable*." *Salerno v. City Univ. of N.Y.*, 191 F. Supp. 2d 352, 356-57 (S.D.N.Y.

2001) (Buchwald, J.) (emphasis added). Thus, even if the injury rule were not applied, Urbont

would not be able to state a claim for alleged federal copyright infringements that took place

before May 21, 2007.

>    (b)    *Even Under The Discovery Rule, The Statute Of*
>           *Limitations Began Running When Urbont Should*
>           *Have Discovered His Claim, Which Was The*
>           *Release Of* Supreme Clientele *In 2000*

In any event, the statute of limitations begins to run under the discovery rule when "the

plaintiff has or with *reasonable diligence* should have discovered the critical facts" underlying

his claim. *Rosner v. Codata Corp.*, 917 F. Supp. 1009, 1019 (S.D.N.Y. 1996) (emphasis added).

The allegations of the Complaint demonstrate that Urbont should have discovered the critical

facts underlying his claim long before the statute of limitations expired had he been acting with

reasonable diligence.

Even though the Complaint contains a bare allegation that Urbont exercised "reasonable

diligence in protecting his rights," that allegation constitutes nothing more than a legal

conclusion that this Court does not have to accept as true. Complaint ¶ 31; *Harris v. Mills*, 572

F.3d 66, 72 (2d Cir. 2009) (holding that "although 'a court must accept as true all of the

allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions,' and

'[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice'") (quoting *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009)).

There can be no doubt that Urbont would have discovered the alleged infringement upon the release of the *Supreme Clientele* album or shortly thereafter had he exercised reasonable diligence.  Urbont alleges that he is a highly experienced composer and musician who derives a "substantial portion of his income from the sale, distribution, and licensing of his musical works and sound recordings," including the licensing of the Iron Man Theme – which had allegedly "become synonymous" with the superhero of the same name.  Complaint ¶¶ 5, 17, 18, 19.  Urbont further alleges that Ghostface "copied *verbatim* the sound recording and musical composition" of the "totality" of the Iron Man Theme on two tracks of *Supreme Clientele*, including one with the very similar title "Iron's Theme - Conclusion."  *Id.* ¶¶ 23, 60 (emphasis added); Notice of Motion, Ex. 2.  The alleged infringement was therefore not subtle or hidden, and plainly would have been recognized if Urbont were aware of the *Supreme Clientele* album, as he should have been had he exercised reasonable diligence.

As noted above, the release of the album *Supreme Clientele* was widely covered in prominent media outlets, such as *Entertainment Weekly*, the *Los Angeles Times*, *Rolling Stone*, *Spin*, the *New York Post*, and *USA Today*.  *See* Notice of Motion, Ex. 3.  Many of those articles referenced "Iron Man" – the superhero who had become synonymous with Urbont's song – either as a nickname for Ghostface or a reference to the title of his previous album.  *Id.*; Complaint ¶¶ 17, 52.  *Supreme Clientele* also was prominently featured in *Billboard*, including high placement on several *Billboard* charts.  *See* Notice of Motion, Ex. 4.  *Billboard* magazine has a large role in the music industry, such that it has been described as the "industry bible."  *In*

*re Landmark Distribs., Inc.*, 189 B.R. 290, 301 (Bankr. D.N.J. 1995) ("*Billboard* is a trade publication, and virtually every witness before the court engaged in the music industry conceded that *Billboard* is the industry bible and that everyone reads *Billboard* magazine the day it is issued.").

In sum, the album containing the allegedly infringing songs was openly and notoriously released on a nationwide basis and was prominently featured in media outlets reviewed by both the general public and also music insiders, as Urbont alleges that he is.  As a result, if Urbont had exercised reasonable diligence he would long ago have learned about the alleged infringements upon which he now sues.  *See Charles Atlas, Ltd. v. DC Comics, Inc.*, 112 F. Supp. 2d 330, 334 (S.D.N.Y. 2000) (Buchwald, J.) (noting that, for purposes of unfair competition claim, where infringing work "was openly and notoriously published" over eight years prior to the commencement of the action, "[p]laintiff could have, with reasonable diligence, discovered the alleged infringement upon its publication or shortly thereafter").  Where the plaintiff alleges that he or she is an experienced professional in the industry at issue, courts applying the discovery rule have consistently held that the statute of limitations for copyright claims begins to run at the time the defendant's work is openly and notoriously distributed, and any claimed lack of knowledge of that distribution is unreasonable.  *See, e.g.*, *Williams v. Curington*, 662 F. Supp. 2d 33, 39 (D.D.C. 2009); *Goldberg v. Cameron*, 482 F. Supp. 2d 1136, 1148–49 (N.D. Cal. 2007); *Chivalry Film Prods.*, 2006 WL 89944, at *1; *Manuel v. Paramount Pictures*, No. 01-Civ-814, 2001 WL 1135917, at *1 (S.D.N.Y. Sept. 26, 2001); *Weber v. Geffen Records, Inc.*, 63 F. Supp. 2d 458, 464-65 (S.D.N.Y. 1999).[7]

---

[7]    Courts have also held that reasonable notice is present where the work at issue bears a copyright notice excluding the plaintiff's right to ownership.  *See, e.g.*, *Brand v. RMM*, No. 10-Civ-287, 2011 WL 1496344, at *4 (S.D.N.Y. Apr. 18, 2011); *Rico Records Distribs., Inc.*, 2005 WL 2174006, at *2 (dismissing defendants' counterclaim for copyright infringement because the copyright notices on the

The Complaint tries to excuse this blatant failure to exercise reasonable diligence by alleging that Urbont "would not normally encounter the Defendants' rap music in the ordinary course of his dealings in the music industry" because he "is over 80 years old."  Complaint ¶ 28. Even if true, this allegation is not a reasonable excuse for Urbont's alleged lack of knowledge. Urbont's duty to monitor for alleged infringements of his own music and bring any claims within the limitations period is not restricted to claims arising out of the type of music Urbont enjoys or normally encounters.  Indeed, monitoring only the music that one would "normally encounter" does not constitute *any* diligence, much less reasonable diligence, for someone who allegedly derives a substantial portion of his income from the licensing of his musical works.  Urbont's allegation that he "would not normally encounter" rap music amounts to nothing more than an admission that Urbont buried his head in the sand for over ten years, only to reemerge after the limitations period had long expired to assert this claim for copyright infringement.[8]  *See, e.g.*, *Goldberg*, 482 F. Supp. 2d at 1148-49 (finding on motion to dismiss that industry professional's lack of knowledge about widely distributed infringing work was "unreasonable"); *Chivalry Film Prods.*, 2006 WL 89944, at *1 (dismissing claim where there was "little doubt" that the plaintiff "should have known of any infringement" at or shortly after "the highly-publicized release" of the defendant's work); *Weber*, 63 F. Supp. 2d at 465 (dismissing claim after finding that "the

---

covers of the sound recordings at issue identified the plaintiffs as the copyright holders, "thereby creat[ing] sufficient notice to begin the running of the statute of limitations"); *Ortiz v. Guitian Bros. Music, Inc.*, No. 07-Civ-3897, 2008 WL 4449314, at *3 (S.D.N.Y. Sept. 29, 2008) ("Public distribution of the work at issue bearing copyright notices in the name of the defendant(s) which exclude the plaintiff claiming to own the subject copyright has been held to create sufficient notice to begin the running of the statute of limitations.").

[8]   Furthermore, someone who does not "encounter rap music" in monitoring the music industry in 2000 was simply not monitoring popular music, as seen by the large number of albums that placed highly on the *Billboard* charts for *both* the Top R&B/Hip-Hop Albums and the Top 200 Albums in February 2000.  *See* Notice of Motion, Ex. 4.

exercise of reasonable diligence would have disclosed" a song on an album that was in "wide retail distribution in the United States").

The court in *Williams v. Curington* addressed a nearly identical situation.  The plaintiff in *Williams* characterized herself as an "internationally known singer" who regularly licensed her music to others in the music industry.  662 F. Supp. 2d at 39.  She brought a copyright infringement claim alleging that the rap artist Tupac Shakur copied her song "Last Night Changed It All."  *Id.* at 37.  She argued that her claim, which was brought four-and-a-half years after the allegedly infringing material was first released, was timely because she "was not a fan of Tupac Shakur, *or of his genre of music*."  *Id.* at 39 (emphasis added).  The court rejected this argument and held that, as a music industry insider with an interest in the song that was copied, "it is reasonable to conclude" that the plaintiff should have discovered the unauthorized copying "within three years of its release."  *Id.*[9]  The facts in this case are strikingly similar and it is also no excuse for Urbont, as a music industry professional who has an interest in protecting his copyrighted work, not to have discovered the alleged infringement within three years of the release of *Supreme Clientele*.  Urbont's untimely claims should therefore be barred by the statute of limitations even under the discovery rule.[10]

---

[9]  Ironically, *Williams* also involved a claim that Ghostface copied the same song.  *See* 662 F. Supp. 2d at 37.  The court permitted that claim to go forward, however, because the lawsuit was filed within three years of the release of Ghostface's allegedly infringing song.  *Id.* at 39.

[10]  Urbont's failure to exercise reasonable diligence also prevents him from benefiting from the doctrine of equitable tolling.  The Court has discretion to apply that doctrine when the plaintiff was "justifiably ignorant of his cause of action."  *Poindexter v. Warner/Chappell Music Inc.*, No. 06-Civ-3403, 2009 WL 302064, at *4 (S.D.N.Y. Feb. 9, 2009) (internal citation omitted).  The Court must consider "whether the person seeking application of the equitable tolling doctrine (1) has acted with reasonable diligence during the time period . . . he seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply."  *Zerilli-Edelglass v. N.Y. City Transit Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003) (citations and quotations omitted).  As demonstrated above, Urbont has not acted with the necessary reasonable diligence to justify the application of this doctrine.

**B.     Plaintiff's Common Law Copyright Infringement Claim Is Barred By The Three-Year Statute Of Limitations And Should Be Dismissed**

The statute of limitations for a common law copyright claim brought under New York law is three years.  *See DeCarlo v. Archie Comic Publ'ns, Inc.*, 127 F. Supp. 2d 497, 507 n.56 (S.D.N.Y.) (applying N.Y. C.P.L.R. 214(4)'s three-year statute of limitations for claims involving injury to property to common law copyright claim), *aff'd*, 11 F. App'x 26 (2d Cir. 2001); *Thee v. Parker Bros.*, No. 75-Civ-1554, 1978 WL 950, at *4 (E.D.N.Y. Mar. 9, 1978) (same); *Stein v. RKO Pictures, Inc.* 53 U.S.P.Q. 294 (S.D.N.Y. 1942).  The statute of limitations begins running upon the original alleged misappropriation of the plaintiff's work, which was the release of *Supreme Clientele* in 2000.  *See SongByrd, Inc. v. Estate of Grossman*, 206 F.3d 172, 182 (2d Cir. 2000) (holding that a claim for unlawfully licensing pre-1972 sound recordings accrued upon the defendant's original licensing of the recording); *Sporn*, 58 N.Y.2d at 487, 448 N.E.2d at 1326, 462 N.Y.S.2d at 415 (holding that a claim for unlawfully copying pre-1972 sound recording accrued upon the original misappropriation of the recording).

Unlike with the federal copyright claim, this *entire* state law claim is barred unless it is brought within three years of the original alleged misappropriation.  *See SongByrd, Inc.*, 206 F.3d at 182-83 (dismissing entire claim); *Thee*, 1978 WL 950, at *4-5 (same); *Sporn*, 58 N.Y.2d at 488-89, 448 N.E.2d at 1327, 462 N.Y.S.2d at 416 (holding that entire action for continued reproduction of sound recording is barred because claim initially accrued beyond the statute of limitations).

For the reasons discussed above, Urbont's common law copyright infringement claim is therefore barred by the statute of limitations and should be dismissed in its entirety.  *See, e.g.*, *Costanza*, 279 A.D.2d at 255-56, 719 N.Y.S.2d at 31; *Catlin*, 170 A.D.2d at 358, 566 N.Y.S.2d at 60.

### C.      Plaintiff's Misappropriation And Unfair Competition Claims Are Barred By The Three-Year Statute Of Limitations And Should Be Dismissed

Plaintiff's unfair competition claim is premised on the alleged "misappropriation of Urbont's copyrighted sound recording."  Complaint ¶ 54 (further alleging "Defendants' intent to profit from such misappropriation").  Under New York law, a claim for misappropriation and a claim for unfair competition premised on misappropriation are also subject to N.Y. C.P.L.R. 214(4)'s three-year statute of limitations for claims involving injury to property. *See, e.g.*, *Gurvey v. Cowan, Liebowitz & Latman, PC*, No. 06-Civ-1202, 2009 WL 1117278, at \*3 (S.D.N.Y. Apr. 24, 2009) (misappropriation); *Opals on Ice Lingerie v. BodyLines, Inc.*, 425 F. Supp. 2d 286, 296 (E.D.N.Y. 2004) (unfair competition).  These claims accrue only once and begin to run upon the original alleged misappropriation of the plaintiff's work, which was the release of *Supreme Clientele* in 2000.  *See, e.g.*, *Opals on Ice Lingerie*, 425 F. Supp. 2d at 297.

For the reasons discussed above, Urbont's unfair competition and misappropriation claims are barred by the statute of limitations and should be dismissed in their entireties.  *See, e.g.*, *Costanza*, 279 A.D.2d at 255-56, 719 N.Y.S.2d at 31; *Catlin*, 170 A.D.2d at 358, 566 N.Y.S.2d at 60.

### D.      Plaintiff Fails To State A Claim For An Accounting And That Claim Is Also Barred By The Three-Year Statute of Limitations And Should Be Dismissed

A claim for an accounting may only be brought by one co-owner of a copyright against another co-owner of a copyright.  *See, e.g.*, *Weber*, 63 F. Supp. 2d at 464 (noting that "the duty to account for profits presupposes a relationship as co-owners of the copyright") (internal citation omitted).  The Complaint contains no allegations that Urbont is a co-owner of either of the allegedly infringing tracks on *Supreme Clientele*.  Instead, the Complaint bases its claim for an accounting on "the *infringement* and wrongful acts of Defendants," rather than on any allegation of co-ownership.  Complaint ¶ 63 (emphasis added).  This allegation of infringement

- 17 -

directly contradicts any claim of co-ownership because it is well-established that a co-owner of a copyright may not bring an infringement claim against another co-owner. *See, e.g.*, *U.S. Naval Institute v. Charter Commc'ns, Inc.*, 936 F.2d 692, 695 (2d Cir. 1991); *Cortner v. Israel*, 732 F.2d 267, 271 (2d Cir. 1984). The cause of action for an accounting must therefore be dismissed because there is no allegation that the parties are co-owners of the works at issue. *See, e.g.*, *Ulloa v. Universal Music and Video Distribution Corp.*, 303 F. Supp. 2d 409, 418 (S.D.N.Y. 2004) (dismissing on summary judgment an accounting claim brought against a party that was not a co-owner of the copyright); *Lindsay v. Wrecked and Abandoned Vessel R.M.S. Titanic*, 52 U.S.P.Q.2d 1609, 1614-15 (S.D.N.Y. 1999) (granting motion to dismiss an accounting claim brought against a party that was not a co-owner of the copyright).

Furthermore, to the extent that the accounting claim rests on a claim of copyright co-ownership, it is subject to the same three-year statute of limitations that is applied to the federal copyright claim discussed above. *See Weber*, 63 F. Supp. 2d at 467 (applying three-year federal copyright statute of limitations to claim for accounting). For the reasons discussed in Section II.A above, such a claim is time-barred because it has not been brought within three years of the release of *Supreme Clientele*, which is when Urbont reasonably should have known about his alleged cause of action. Accordingly, the accounting claim is also barred by the statute of limitations.

## III.   PLAINTIFF IS NOT ENTITLED TO EQUITABLE TOLLING OF THE STATUTE OF LIMITATIONS ON FRAUDULENT CONCEALMENT GROUNDS

Once a defendant establishes a statute of limitations defense, the time-barred claims must be dismissed unless the plaintiff can establish an equitable reason for tolling the limitations period. *See, e.g.*, *Smith v. City of N.Y. Dep't of Corr.*, No. 09-Civ-7639, 2010 WL 5298013, at *2 (S.D.N.Y. Dec. 21, 2010) (Buchwald, J.) ("Therefore, plaintiff's complaint is time-barred, and

must be dismissed, unless one of the grounds for an equitable toll applies."); 3 NIMMER ON

COPYRIGHT § 12.05[B][3] ("Once defendant establishes a statute of limitations defense in a

copyright infringement action, the case must be dismissed unless there is a reason to toll the

applicable statute.").  Based on the allegations in the Complaint, Urbont is likely to argue that the

limitations period should be tolled on the grounds of fraudulent concealment.  Specifically, the

Complaint alleges that:

> Defendants fraudulently concealed their use of the "Iron Man
> Theme" on *Supreme Clientele*.  For instance, the liner notes of
> *Supreme Clientele* do not give any indication that Urbont's sound
> recording or compositions are contained on the album.

Complaint ¶ 33.

Equitable tolling is only available in "rare and exceptional circumstances, 'where [the

court finds] that 'extraordinary circumstances' prevented the party from timely performing a

required act, and that the party 'acted with reasonable diligence throughout the period he

[sought] to toll.'"  *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005) (quoting *Doe v.

Menefee*, 391 F.3d 147, 159 (2d Cir. 2004) (alteration in original)).  In order to invoke the

doctrine of fraudulent concealment and toll the statute of limitations, the plaintiff must allege

"(1) wrongful concealment by defendants (2) which prevented plaintiff's discovery of the nature

of the claim within the limitations period, and (3) due diligence in pursuing the discovery of the

claim."  *Nat'l Grp. for Commc'ns and Computers Ltd. v. Lucent Techs. Inc.*, 420 F. Supp. 2d

253, 264 (S.D.N.Y. 2006) (Buchwald, J.).  "[T]he burden of demonstrating the appropriateness

of equitable tolling . . . lies with the plaintiff." *Id.* (quoting *Boos v. Runyon*, 201 F.3d 178, 185

(2d Cir. 2000)).

The doctrine of fraudulent concealment may appropriately be addressed on a motion to

dismiss where, as here, the allegations of the Complaint make clear that the doctrine does not

apply.  *See, e.g.*, *Arnold v. KPMG LLP*, 334 F. App'x 349, 352 (2d Cir. 2009) (affirming motion

to dismiss finding no basis for fraudulent concealment); *In re Merrill Lynch Ltd. P'ships Litig.*,

154 F.3d 56, 60 (2d Cir. 1998) (same); *Dodds v. Cigna Secs., Inc.*, 12 F.3d 346, 352-53 (2d Cir.

1993) (same); *Nat'l Grp. for Commc'ns and Computers Ltd.*, 420 F. Supp. 2d at 266-68 (holding

on motion to dismiss that fraudulent concealment did not toll the statute of limitations);

*Cardiello v. Money Store, Inc.*, No. 00-Civ-7332, 2001 WL 604007, at *4-5 (S.D.N.Y. June 1,

2001) (Buchwald, J.) (same), *aff'd*, 29 F. App'x 780 (2d Cir. 2002); *Weber*, 63 F. Supp. 2d at

466-67 (same).

     Discovery regarding fraudulent concealment is unnecessary where the pleadings and

other documents that may be considered on a motion to dismiss make clear that the plaintiff was

on inquiry notice and the Complaint fails to adequately allege the exercise of reasonable

diligence.  *See, e.g.*, *In re Merrill Lynch Ltd. P'ships Litig.*, 7 F. Supp. 2d 256, 75-76 (S.D.N.Y.

1997) (noting that "[i]nformation relating to plaintiffs' diligence in investigating the alleged

fraud is within plaintiffs' exclusive possession; they do not need discovery to reveal it"), *aff'd*,

154 F.3d 56, 61 (2d Cir. 1998).

     As discussed below, the Complaint fails to demonstrate the necessary elements of

fraudulent concealment, including Urbont's exercise of reasonable diligence or Defendants'

wrongful concealment.  Furthermore, the Complaint fails to meet the pleading standards under

Rule 9(b) of the Federal Rules of Civil Procedure.

     **A.**     **Urbont Has Failed To Demonstrate That He Pursued The Discovery Of His Purported Claim With Due Diligence**

     As stated above in Section II.A.3, Urbont failed to demonstrate reasonable diligence in

seeking to discover his purported claim arising from the release of *Supreme Clientele*.  As a

result, he failed to act with the requisite due diligence needed to toll the statute of limitations

pursuant to the doctrine of fraudulent concealment.  *See, e.g.*, *In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d at 60 (affirming motion to dismiss finding no basis for fraudulent concealment where plaintiff did not plead that it exercised due diligence by making any inquiries); *Price v. Fox Entm't Grp., Inc.*, 473 F. Supp. 2d 446, 459 (S.D.N.Y. 2007) (dismissing copyright claim on summary judgment for failure to exercise due diligence); *Nat'l Grp. for Commc'ns and Computers Ltd.*, 420 F. Supp. 2d at 268 (ruling on motion to dismiss that fraudulent concealment does not apply where plaintiff did not exercise reasonable diligence); *Weber*, 63 F. Supp. 2d at 466-67 (granting motion to dismiss copyright claim and refusing to apply fraudulent concealment doctrine where plaintiff did not exercise due diligence).

### B.   Urbont Has Failed To Demonstrate That Defendants Engaged In Wrongful Concealment That Prevented His Discovery Of The Alleged Infringement

The Complaint fails to demonstrate any fraudulent concealment with sufficient plausibility to withstand a motion to dismiss.  Urbont's only relevant allegation – that Defendants allegedly concealed the use of the Iron Man Theme by not giving Urbont credit on the liner notes of *Supreme Clientele* – is nothing more than a conclusion of law that runs counter to common sense and relevant caselaw.  It is totally unrealistic to argue that the statute of limitations for a copyright claim will only begin to run if the alleged infringement is acknowledged on the defendant's product.  To the contrary, as discussed above, not crediting a party on an album's liner notes can constitute a warning sign to a plaintiff, rather than a concealment, and therefore would itself trigger the statute of limitations.  *See Brand*, 2011 WL 1496344, at *4; *Rico Records Distribs., Inc.*, 2005 WL 2174006, at *2;  *Ortiz*, 2008 WL 4449314, at *3.  Thus, Defendants' alleged failure to acknowledge Urbont's claimed rights in the liner notes of *Supreme Clientele* should not be considered a concealment, wrongful or otherwise.

Even assuming that Defendants had engaged in concealment by not disclosing Urbont's alleged rights on the album's liner notes, Urbont cannot plausibly argue that such an omission reasonably prevented his discovery of the alleged infringement.  Urbont claims elsewhere in the Complaint that he "would not normally encounter the Defendants' rap music in the ordinary course of his dealings in the music industry or otherwise."  Complaint ¶ 32.  Urbont therefore cannot also claim that the presence or absence of any material on the liner notes for an album he was not going to encounter could possibly have prevented his discovery of the alleged infringement.  *See, e.g.*, *Simon-Whelan v. Andy Warhol Found. for the Visual Arts, Inc.*, No. 07-Civ-6423, 2009 WL 1457177, at *7 (S.D.N.Y. May 26, 2009) (holding that fraudulent estoppel does not apply where the complaint does not proffer facts sufficient to demonstrate that the discovery of a claim was prevented by the defendants' concealment).

Moreover, Urbont's allegation that he relied upon the Defendants' failure to cite the Iron Man Theme or Urbont on the liner notes of the album is simply implausible and therefore not sufficient to defeat a motion to dismiss.  The liner notes on *Supreme Clientele* are located, as is customary, on the inside of the album.  *See* Notice of Motion, Ex. 2.  Therefore, in order for Urbont to have been misled by the absence of any mention on the liner notes of *Supreme Clientele*, he would have had to (1) buy and open a copy of *Supreme Clientele*, (2) read the several pages of liner notes, and (3) choose not to listen to the album.  Had Urbont, at a minimum, listened to either the first track or the last track on the album (listed on the liner notes with the similar name "Iron's Theme - Conclusion"), he would have been aware of the alleged infringement.  Whether or not the liner notes more specifically mentioned the Iron Man Theme or Urbont himself, it would have been unreasonable for him not to listen to the album after purchasing it and opening it.

Urbont's allegations of reliance on fraudulent concealment are therefore implausible and, at a minimum, demonstrate a lack of reasonable diligence on his behalf.  Accordingly, the doctrine of fraudulent concealment should not prevent the application of the statute of limitations in this case.  *See, e.g.*, *Rafter v. Liddle*, 704 F. Supp. 2d 370, 378 (S.D.N.Y. 2010) (finding claim to be time-barred and refusing to apply doctrine of fraudulent concealment where the allegations of the pleading demonstrated that the defense was "implausible"); *In re Ciprofloxacin Hydrochloride Antitrust Litig.*, 261 F. Supp. 2d 188, 226 (E.D.N.Y. 2003) (same).

### C.    The Complaint Fails To Meet The Heightened Standards Required For Pleading Fraudulent Concealment

Finally, a plaintiff attempting to apply the fraudulent concealment doctrine to toll the statute of limitations must plead each of the elements with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure.  *See, e.g.*, *Fezzani v. Bear, Stearns & Co.*, No. 99-Civ-793, 2005 WL 500377, at *8 (S.D.N.Y. Mar. 2, 2005) ("Courts have held that Rule 9(b) applies to . . . fraudulent concealment to toll the statute of limitations.").

Urbont has not met the pleading standards under Rule 9(b) of the Federal Rules of Civil Procedure and the statute of limitations therefore cannot be tolled.  Specifically, Urbont has not alleged when he first became aware of his alleged copyright infringement claim and this pleading deficiency defeats Urbont's fraudulent concealment claim as a matter of law.  *See, e.g.*, *Grimes v. Fremont Gen. Corp.*, ___ F. Supp. 2d ___, No. 08-Civ-1024, 2011 WL 1899403, at *13 (S.D.N.Y. Mar. 31, 2011) (refusing to apply equitable tolling where the plaintiffs did not plead when they became aware of their claim); *Barkley v. Olympia Mortg. Co.*, No. 04-Civ-875, 2007 WL 2437810, at *17 (E.D.N.Y. Aug. 22, 2007) (same).

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that this Court dismiss Counts

II, III, IV, and V from the Complaint in their entirety and dismiss Count I as to all sales of

*Supreme Clientele* or the songs contained therein occurring prior to May 21, 2007, and grant

such other and further relief as the Court deems just and proper.

Dated:  August 5, 2011                    **ANDERSON KILL & OLICK, P.C**


                                   By:   */s/ Marc S. Reiner*
                                         Marc S. Reiner (MR-6669)
                                         Raymond A. Mascia Jr. (RM-8722)
                                         1251 Avenue of the Americas
                                         New York, New York 10020
                                         Telephone: (212) 278-1000
                                         Facsimile: (212) 278-1733

                                         *Attorneys for Defendants*
                                         *Sony Music Entertainment and*
                                         *Razor Sharp Records, LLC*