UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACK URBONT, | ) |
| | ) |
| Plaintiff, | ) AMENDED COMPLAINT |
| v. | ) |
| | ) No. 11-Civ-04516(NRB) |
| SONY   MUSIC   ENTERTAINMENT, | ) |
| individually d/b/a EPIC RECORDS; DENNIS | ) JURY DEMAND |
| COLES p/k/a GHOSTFACE KILLAH; and | ) |
| RAZOR SHARP RECORDS, LLC, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Jack Urbont ("Urbont"), for his complaint against Sony Music Entertainment,

individually and d/b/a Epic Records ("Sony"), Dennis Coles p/k/a "Ghostface Killah"

("Ghostface"), and Razor Sharp Records, LLC ("Razor Sharp") (collectively the "Defendants"),

upon knowledge as to himself and his own acts, and upon information and belief as to all other

matters, alleges as follows:

## JURISDICTION AND VENUE

1.     This is a copyright infringement action to recover damages and for injunctive relief

for the injuries sustained by Urbont resulting from Defendants' continuous and willful violations

of the United States Copyright Act 17 U.S.C. §§ 101, *et seq*. ("Copyright Act").   This Court has

subject matter jurisdiction over this action, which arises under the Copyright Act, 17 U.S.C. §§

101 *et seq*., pursuant to 28 U.S.C. §§ 1331 and 1338.

2.     This Court also has supplemental jurisdiction over Urbont's New York State law

claims under 28 U.S.C. § 1367.

3.      This Court has personal jurisdiction over Defendants because Defendants reside and may be found in this Judicial District and also because Defendants conduct systematic and continuous business in this District.

4.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) because Defendants reside in this Judicial District, are subject to personal jurisdiction in this Judicial District, and have committed unlawful acts of infringement in this Judicial District.

## THE PARTIES

5.      Urbont is a lifelong songwriter, conductor, orchestrator and music producer.   He is the legal and beneficial owner of an undivided interest in the original copyrighted musical composition and sound recording for the theme for the "Iron Man" segment from the 1960s-era television show *The Marvel Super Heroes* (the "Iron Man Theme") which, as discussed below, has been unlawfully, willfully and maliciously reproduced and distributed by Defendants without payment to or acknowledgement for Urbont.

6.      Urbont has filed with the Register of Copyrights, and a certificate of registration for said original musical composition has been issued, bearing registration number RE 654-040. Urbont's sound recording was fixed prior to February 15, 1972 making it subject to New York state law.

7.      Defendant Sony is a Delaware corporation, which can be served in this judicial district at 550 Madison Avenue # 6, New York, New York 10022-3211.

8.      Ghostface is a resident of the State of New York and conducts extensive business within this judicial district as a musician, performer and producer.

2

9.      Razor Sharp is a Delaware limited liability company, registered as a foreign corporation in the State of New York.  It may be served with process in this district at 550 Madison Avenue, New York, New York 10022-3211.

## Urbont's Background in the Music Industry

10.      Urbont's work spans the realms of theatre, film, radio, and television.  Growing up observing his father's work on Broadway and in broadcasting, Urbont would later act on Broadway (*Decision*), produce (*All in Love*; *Juno and the Paycock*) and compose (the musicals *Livin' the Life* and *All in Love*; *The Great Indoors* (incidental music)).

11.      Urbont started his television writing career by writing lyrics and music for Shari Lewis.  Following this, he orchestrated and conducted music for many episodes of *Mission Impossible, Mannix* and others.  He also composed themes and lyrics for "The Guiding Light," "One Life to Live" and "General Hospital," which have been heard on television for decades. Additional credits include music for "All My Children," "That 70's Show," the Winter Olympics, "Howie Mandel," and award-winning talk shows such as "Oprah," "Rosie," "Regis & Kathy Lee," "20/20" and "The View."

12.      Urbont has done commercials for Chevrolet, Cadillac, Ford, Pepsi, Quaker State, Revlon, Eveready and many others.

13.      Urbont has appeared in the theatrical films *Star* (with Julie Andrews) and *Hair*.

14.      Urbont has been nominated for Emmys numerous times and won for *Lorne Greene's New Wilderness*.

15.      Among other awards, Urbont won Broadcast Music, Inc.'s ("BMI") TV/Film Pioneer Award in 1986.

16.     Urbont's songs have been recorded by such greats at Jerry Orbach and Bobby Darin.  His music has been featured on specials for Barbara Walters, Ricky Martin and Mike Myers.  As a pianist/music director/conductor he has worked with a host of legends: Julie Andrews, Sammy Davis Jr., Donald O'Connor, Jerry Orbach, Merv Griffin, Dom DeLuise, Tyne Daly, Bob Hope, Bing Crosby, Jerry Lewis, George Burns and Florence Henderson.

17.     His themes and lyrics to the original TV representations of "Iron Man," "Captain America," "Hulk," "Submariner," and "Thor" have also endured and have become synonymous with those action heroes.

18.     The musical composition of the "Iron Man Theme" was properly licensed and used in the Paramount Pictures live action film *Iron Man*, starring Robert Downey, Jr., released in 2008, and the musical composition, lyrics and master recording appeared on that film's soundtrack release.

### Infringement of Urbont's Iron Man Theme

19.     Urbont owns and controls exclusive rights in several of the copyrighted sound recordings and musical compositions mentioned above.   He also controls the copyright in several pre-February 15, 1972 sound recordings protected under New York State law.   Urbont derives a substantial portion of his income from the sale, distribution, and licensing of his musical works and sound recordings as well as performances of his works on television and film.

20.     As the subject of this Complaint, Urbont is the owner of the right, title, and interest in and to the musical composition, lyrics, and master recording known as "Iron Man Theme," (the "Protected Works").   Urbont controls the copyright in the Protected Works, together with the right to register the statutory copyright therein, where applicable.

21. Urbont has complied with all of the federal laws pertinent to the musical composition of the "Iron Man Theme" as a copyrighted work, and the subject copyright registrations on the musical composition of the "Iron Man Theme" have been appropriately deposited and/or registered with the U.S. Copyright office. Mostly recently, in 1994 Urbont filed a copyright renewal notice for the Iron Man Theme. At all times pertinent hereto, Urbont has complied with all applicable provisions of the copyright laws of the United States to protect his copyright in the musical composition for the "Iron Man Theme."

22. Urbont has a valid, common law copyright in the sound recording of the "Iron Man Theme" under the laws of the state of New York.

23. As relevant herein, Ghostface copied verbatim the sound recording and musical composition of the "Iron Man Theme" on two places on his album *Supreme Clientele*: as the first track and part of the last track (the "Infringing Works").

24. Defendant Sony has been (without authorization from, or payment to, Urbont) distributing, reproducing and displaying Urbont's Protected Works resulting in substantial revenue for Sony.

25. Defendant Ghostface has also been (without authorization from, or payment to, Urbont) distributing, reproducing and displaying Urbont's Protected Works resulting in substantial revenue for Ghostface.

26. Defendant Razor Sharp has also been (without authorization from, or payment to, Urbont) distributing, reproducing and displaying Urbont's Protected Works resulting in substantial revenue for Razor Sharp.

27. At all relevant times, Defendants were fully aware that in order to lawfully use Urbont's Protected Works, the Copyright Act of the United States and the laws of the state of New

York require them to obtain authorization from the owner of the copyrighted work in the form of a license. A license would allow the licensee to lawfully reproduce the Protected Works. Indeed, Defendants have acquired licenses for other compositions and sound recordings not owned by Urbont on *Supreme Clientele*.

28.   Notwithstanding this knowledge, the Defendants, without acquiring the necessary licenses from Urbont, have willfully disregarded the applicable laws by reproducing and distributing Urbont's Protected Works on *Supreme Clientele*, and by doing so, passed them off to the public as their own. Various printed statements on the internet claim that Ghostface is the author, arranger and producer of Urbont's "Iron Man Theme." The acts of the Defendants were willful and malicious and perpetrated without regard to Urbont's rights.

29.   The wrongdoing of the Defendants continues to this very day as the Infringing Works continue to be sold, distributed and licensed on compact discs and albums, and as digital downloads, ringtones and master tones, all without payment to Urbont. In 2010, Defendants re-released *Supreme Clientele* trespassing against Urbont's rights even after he contacted them regarding their wrongful use of the Protected Works.

30.   Defendants have unlawfully copied Urbont's Protected Works in the Infringing Works without Urbont's permission and without paying royalties to Urbont. Accordingly, Urbont seeks: (1) recovery of money damages, including all of Defendants' profits, resulting from the wrongful acts of Defendants or in the alternative statutory damages for willful infringement as applicable, and all attorneys' fees and costs associated with the prosecution of this action; (2) punitive damages where allowable for intentional and malicious theft of Urbont's property; (3) an accounting of all profits made worldwide; and (4) an Order impounding for

6

destruction the Infringing Works and enjoining Defendants from the licensing, production, marketing, exploitation and/or sale of the Infringing Works in any media.

## Urbont's Discovery of the Infringement

31.    Urbont has actively safeguarded the Protected Works.   In 1995, Urbont took action to assert his rights when he believed New World Entertainment, LTD and Marvel Entertainment Group, Inc. were violating those rights.

32.    Urbont, despite his exercise of reasonable diligence in protecting his rights, only recently discovered the Defendants' infringement.

33.    Urbont exhibited reasonable diligence by registering the Protected Works with the Copyright Office.   This registration put the world on notice Urbont owned the Protected Works.

34.    Additionally, Urbont is a BMI member.   As a BMI member every time a composition owned by Urbont is publicly performed Urbont earns royalties and receives a statement regarding the public performances of specific compositions.

35.    Urbont regularly reviewed his BMI statements in his normal course of business. However, following the release of *Supreme Clientele* there was no increase in the amount of public performances of the Iron Man Theme.

36.    Urbont is over 80 years old and would not normally encounter the Defendants' rap music in the ordinary course of his dealings in the music industry or otherwise.

37.    The liner notes of *Supreme Clientele* do not give any indication that Urbont's sound recording or compositions are contained on the album.   Additionally, the liner notes to *Supreme Clientele* use titles, "INTRO," and "IRON'S THEME – CONCLUSION" which make it impossible for an individual reading them to know both tracks are Urbont's "Iron Man Theme."

Defendants purposefully changed the name of the tracks in order to thwart discovery of their wrongful use of the Iron Man Theme.

38.     Neither "INTRO" nor "IRON'S THEME – CONCLUSION," both of which are in fact the "Iron Man Theme" were ever released as a single.  Neither track ever received radio airplay.

39.     Urbont learned of the wrongful use of his "Iron Man Theme" shortly before contacting defendants about their actions.  Upon learning of the trespass against his property, Urbont took action to protect his property including entering into negotiations with Defendants. As part of those negotiations, Urbont entered a tolling agreement which stopped the running of the statute of limitations on his claims as of May 21, 2010.

<u>COUNT I</u>
**(Direct Copyright Infringement of Musical Composition)**

40.     Urbont repeats and realleges each and every allegation of this Complaint as if fully set forth herein.

41.     Defendants have reproduced, distributed, and displayed—and continue up and through the present day to reproduce, distribute, and display—Urbont's musical composition, without authorization and without Urbont's permission or consent, by embodying same on the album *Supreme Clientele.*

42.     Defendants' conduct infringes on Urbont's copyrighted musical composition and hence Urbont's exclusive rights under the Copyright Act in violation of 17 U.S.C. § 101 *et seq.*

43.     Defendants' acts of infringement are willful, intentional, and purposeful, and in violation of Urbont's exclusive rights.

44.     Defendants' infringement of Urbont's rights each constitute a separate and distinct act of infringement, separately actionable under the Copyright Act.

8

45.     Pursuant to 17 U.S.C. § 504(c), Urbont is entitled to the maximum statutory damages in the amount of $150,000 for each work infringed. Alternatively, at Urbont's election and pursuant to 17 U.S.C. § 504(b), Urbont is entitled to his actual damages, including Defendants' profits from infringement, as will be proven at trial.

46.     Urbont is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

47.     Defendants' conduct is causing and, unless enjoined by this Court, will continue to cause Urbont irreparable injury that cannot be fully compensated or measured in money. Urbont has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Urbont is entitled to a permanent injunction prohibiting infringement of Urbont's copyrighted works and exclusive rights under the Copyright Act.

## COUNT II
### (Common Law Copyright Infringement of Pre-1972 Sound Recordings)

48.     Urbont repeats and realleges each and every allegation of this Complaint as if fully set forth herein.

49.     Urbont's pre-1972 sound recording is subject to common law copyright protection under the laws of the state of New York. As the owner of a valid common-law copyright in a pre-1972 sound recording, Urbont possesses the exclusive right to manufacture, copy, sell, distribute, and otherwise exploit his pre-1972 recording.

50.     Defendants' unauthorized distribution, reproduction, and public performance of unauthorized copies of Urbont's pre-1972 sound recording constitute an infringement of Urbont's common-law copyright in his pre-1972 sound recording.

51.     Each distribution, reproduction, or public performance by Defendants is a separate infringement because each infringement was a new trespass against Urbont's rights.

9

52.    As a direct and proximate result of Defendants' wanton and reckless copyright infringement, Urbont is entitled to compensatory damages, including Defendants' profits, in such amount as will be proven at trial.

53.    Furthermore, Defendants' unlawful and unlicensed use of Urbont's pre-1972 sound recording, despite their knowledge of the music business and their knowledge of how music licensing works, was willful, knowing, and malicious.   Defendants, in fact, licensed other material on *Supreme Clientele*.   Moreover, Defendants' intent to profit from such misappropriation shows Defendants' extreme bad faith and reckless disregard for Urbont's intellectual property rights.   As such, punitive damages are warranted in this case, in an amount to be proven at trial.

54.    Defendants' conduct is causing and, unless enjoined by this Court, will continue to cause Urbont irreparable injury that cannot be fully compensated or measured in money damages. Urbont has no adequate remedy at law and is entitled to injunctive relief prohibiting Defendants from further violating Urbont's rights in his pre-1972 sound recording.

## COUNT III
### (Unfair Competition as to Pre-1972 Sound Recordings)

55.    Urbont repeats and realleges each and every allegation of this Complaint as if fully set forth herein.

56.    Urbont possesses an exclusive ownership interest in and to a pre-1972 sound recording and has the right to reproduce, license, sell, and distribute the pre-1972 sound recording in all media and in all forms.   Indeed, this constitutes a significant basis of income for Urbont.

57.    Through the conduct described above, Defendants are violating Urbont's rights in the pre-1972 sound recording and are, therefore, guilty of unfair competition under the common law of the state of New York.

58.     Defendants have also derived significant financial benefit and commercial advantage by unlawfully using Urbont's "Iron Man Theme" sound recording.   As an example, Defendant Ghostface is also known by the nickname "Tony Starks," which is a take-off of the name "Tony Stark," Iron Man's fictional real name and true identity.   In this way, Defendants' use of Urbont's "Iron Man Theme" gives them a substantial commercial advantage by linking Ghostface to Iron Man without paying for it.

59.     Additionally, Ghostface released an album title *Ironman* in the 1990s.   Defendants subsequent use of the "Iron Man Theme" creates financial benefit not just related to *Supreme Clientele*, but also for *Ironman*.

60.     Each time Urbont's "Iron Man Theme" is distributed, reproduced, or publicly performed as if it were Ghostface's property, Ghostface is linked to Iron Man creating an unfair advantage for him and his business partners Sony and Razor Sharp.   This trespass against Urbont's property is a continuing tort and Urbont is entitled to recovery for each and every act of distribution, reproduction, and public performance undertaken by Defendants.

61.     Furthermore, by distributing, reproducing, publicly performing and otherwise commercially exploiting, without authorization, the totality of Urbont's pre-1972 sound recording and otherwise taking advantage of and undermining Urbont's substantial creative and financial investment in the pre-1972 sound recording, Defendants are willfully, wantonly, and unfairly appropriating Urbont's exclusive rights in the pre-1972 sound recording for their own commercial benefit.

62.     Defendants' unlawful and unlicensed use of Urbont's pre-1972 sound recording, despite their knowledge of the music business and their knowledge of how music licensing works, constitutes misappropriation of Urbont's copyrighted sound recording.   Moreover, Defendants'

intent to profit from such misappropriation shows Defendants' extreme bad faith and reckless disregard for Urbont's property rights and entitles Urbont to punitive damages in an amount to be determined.

## COUNT IV
### (Unfair Competition/Misappropriation)

63.    Urbont repeats and realleges each and every allegation of this Complaint as if fully set forth herein.

64.    As stated above, Urbont possesses an exclusive ownership interest in and to the pre-1972 sound recording, and has the right to reproduce, license, sell, and distribute the pre-1972 sound recording in all media and in all forms.   Indeed, this constitutes a significant basis of income for Urbont.

65.    Defendants have misappropriated Urbont's pre-1972 sound recording copyright in the "Iron Man Theme," as protected by the common law of the state of New York.

66.    Defendants' use of Urbont's sound recording of the "Iron Man Theme" constitutes misappropriation by trespass.

67.    Defendants used Urbont's sound recording in the album *Supreme Clientele* to gain commercial advantage in the marketplace.

68.    By distributing, reproducing, publicly performing and otherwise commercially exploiting, without authorization, the totality of Urbont's pre-1972 sound recording and otherwise taking advantage of and undermining Urbont's substantial creative and financial investment in the pre-1972 sound recording, Defendants are willfully, wantonly and unfairly appropriating Urbont's exclusive rights in the pre-1972 sound recording for their own commercial benefit.

69.    Defendants' unlawful misappropriation of Urbont's sound recording in order to gain commercial advantage was done in bad faith because the Defendants are sophisticated actors

in the music business with extensive knowledge of music licensing.   Despite knowing how to lawfully obtain use of Urbont's sound recording, Defendants instead misappropriated it in order to profit.   As a result, Urbont is entitled to exemplary and punitive damages in an amount to be determined.

## DEMAND FOR JURY

70.   Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Urbont respectfully demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Urbont prays for judgment against the defendants and for the following relief:

A.   A declaration that Defendants have willfully infringed Urbont's copyrighted works in violation of the Copyright Act;

B.   A permanent injunction requiring Defendants and Defendants' agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each or anyone of them, to cease directly and indirectly infringing, and causing, enabling, facilitating, encouraging, promoting, inducing, and/or participating in the infringement of any of Urbont's rights protected by the Copyright Act;

C.   For statutory damages pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 multiplied by each act of infringement of Urbont's musical composition, or in such other amounts as may determined at trial, or, at Urbont's election, pursuant to 17 U.S.C. § 504(b), his actual damages, including Defendants' profits from infringement, as will be proven at trial;

D.   A declaration that Defendants are willfully infringing Urbont's pre-1972 sound recording in violation of New York state law;

E.    Awarding Urbont his attorneys' fees and full costs, pursuant to 17 U.S.C. § 505;

F.    For actual, punitive, and exemplary damages on the New York state common law

claims;

G.    For pre-judgment and post-judgment interest according to law, as applicable; and

H.    For such other and further relief as this Court may deem just and proper.

Dated: August 26, 2011                    KING & BALLOW


                                          Richard S. Busch (SB 5613)

                                          KING & BALLOW
                                          315 Union Street, Suite 1100
                                          Nashville, Tennessee 37201
                                          Telephone:   (615) 259-3456
                                          Facsimile:   (615) 726-541


By: _____

                                          Kenneth E. Gordon (KG 5703)
                                          GORDON, GORDON & SCHNAPP, P.C.
                                          437 Madison Avenue, 39th Floor
                                          New York, New York 10022
                                          Telephone:   (212) 355-3200
                                          Facsimile:   (212) 355-3292