Marc S. Reiner (MR-6669)
Raymond A. Mascia Jr. (RM-8722)
ANDERSON KILL & OLICK, P.C
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 278-1000
Facsimile: (212) 278-1733

Attorneys for Defendants
Sony Music Entertainment and
Razor Sharp Records, LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACK URBONT,<br><br>                               Plaintiff,<br><br>                     - against -<br><br>SONY MUSIC ENTERTAINMENT,<br>individually d/b/a EPIC RECORDS; DENNIS<br>COLES p/k/a GHOSTFACE KILLAH; and<br>RAZOR SHARP RECORDS, LLC,<br><br>                               Defendants. | 11-Civ-04516(NRB) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)
BY DEFENDANTS SONY MUSIC ENTERTAINMENT
AND RAZOR SHARP RECORDS, LLC**

# **TABLE OF CONTENTS**

**Page**

ARGUMENT ................................................................................................................1

I.   THE APPLICABLE STATUTE OF LIMITATIONS BARS ALL FEDERAL
     COPYRIGHT INFRINGEMENT CLAIMS RELATING TO SALES OF SONGS
     PRIOR TO MAY 21, 2007 ...................................................................................1

     A.   The Injury Rule Applies to Copyright Infringement Claims ...................................1

     B.   Even if the Discovery Rule Applies, the Federal Copyright Infringement
          Claim Is Time-Barred as to Any Allegedly Infringing Acts Occurring
          Prior to May 21, 2007 .........................................................................................6

II.  PLAINTIFF'S STATE-LAW CLAIMS ARE BARRED BY THE STATUTE OF
     LIMITATIONS OR, ALTERNATIVELY, ALL CLAIMS FOR RELIEF FOR
     ACTIONS OCCURRING BEFORE MAY 21, 2007 ARE BARRED ...............................9

CONCLUSION .............................................................................................................10

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Auscape Int'l v. Nat'l Geographic Soc'y,*
  409 F. Supp. 2d 235 (S.D.N.Y. 2004)..................................................................2, 3, 4, 6

*Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.,*
  522 U.S. 192 (1997)..........................................................................................................4

*Bridgeport Music, Inc. v. Robert Hill Music,*
  No. 05-Civ-0377, 2006 WL 3720349 (M.D. Tenn. Dec. 14, 2006) ...........................8

*Cippitelli v. Town of Niskayuna,*
  203 A.D.2d 632, 610 N.Y.S.2d 622 (3d Dep't 1994) ..............................................10

*Corley v. U.S.,*
  556 U.S. 303 (2009)..........................................................................................................3

*De Medici v. Lorenzo De Medici, Inc.,*
  101 A.D.2d 719, 475 N.Y.S.2d 391 (1st Dep't 1984) ..............................................10

*Ediciones Quiroga, S.L. v. Fall River Music, Inc.,*
  No. 93-Civ-3914, 1995 WL 103842 (S.D.N.Y. Mar. 7, 1995)................................10

*Flores-Figueroa v. U.S.,*
  129 S. Ct. 1886 (2009)......................................................................................................3

*Goldman v. Healthcare Mgmt. Sys., Inc.,*
  No. 05-Civ-035, 2008 WL 2559030 (W.D. Mich. June 19, 2008)............................8

*Graham County Soil & Water Conservation Dist. v. United States ex rel. Wilson,*
  545 U.S. 409 (2005)..........................................................................................................4

*Hibbs v. Winn,*
  542 U.S. 88 (2004)............................................................................................................3

*Kregos v. Associated Press,*
  3 F.3d 656 (2d Cir. 1993).................................................................................................8

*Merchant v. Levy,*
  92 F.3d 51 (2d Cir. 1996).................................................................................................2

*Merck & Co. v. Reynolds,*
  __ U.S. __, 130 S. Ct. 1784 (2010)...............................................................................3

## TABLE OF AUTHORITIES

Page

*Milner v. Dep't of Navy*,
   __ U.S. __, 131 S. Ct. 1259 (2011)..........................................................................................3

*Polar Bear Prods., Inc. v. Timex Corp.*,
   384 F.3d 700 (9th Cir. 2004) .................................................................................................8

*S.E.C. v. Gabelli*,
   ___ F.3d ___, 2011 WL 3250556 (2d Cir. Aug. 1, 2011) .........................................................5

*Saunders v. Hilpertshauser*,
   No. 84-Civ-6153, 1988 WL 42146 (S.D.N.Y. Apr. 26, 1988) ................................................10

*Scheg v. Agway, Inc.*,
   229 A.D.2d 963, 645 N.Y.S.2d 687 (4th Dep't 1996)............................................................10

*Taylor v. Meirick*,
   712 F.2d 1112 (7th Cir. 1983) ...............................................................................................8

*Thee v. Parker Bros.*,
   No. 75-Civ-1554, 1978 WL 950 (E.D.N.Y. Mar. 9, 1978)................................................. 9-10

*TRW Inc. v. Andrews*,
   534 U.S. 19 (2001)....................................................................................................2, 3, 4, 6

*Wallace v. Kato*,
   549 U.S. 384 (2007)................................................................................................................3

*William A. Graham Co. v. Haughey*,
   568 F.3d 425 (3d Cir. 2009)...............................................................................................4, 5

*Williams v. Curington*,
   662 F. Supp. 2d 33 (D.D.C. 2009) ......................................................................................8, 9

## STATUTES

7 U.S.C. § 25..................................................................................................................................6

7 U.S.C. § 2305(c) .........................................................................................................................6

12 U.S.C. § 1977(1) .......................................................................................................................6

17 U.S.C. § 507(a), (b)...................................................................................................................5

22 U.S.C. § 2356............................................................................................................................6

42 U.S.C. § 1983............................................................................................................................4

## <u>TABLE OF AUTHORITIES</u>

**Page**

N.Y. C.P.L.R. 214(4) .......................................................................................................................9

### LEGISLATIVE HISTORY

S. Rep. No. 85-1014 (1957), *reprinted in* 1957 U.S.C.C.A.N. 1961 ...............................................4

### TREATISES

3 NIMMER ON COPYRIGHT § 12.05[B][2][a] (2011) ........................................................................8

## ARGUMENT[1]

### I.   THE APPLICABLE STATUTE OF LIMITATIONS BARS ALL FEDERAL COPYRIGHT INFRINGEMENT CLAIMS RELATING TO SALES OF SONGS PRIOR TO MAY 21, 2007

#### A.   The Injury Rule Applies to Copyright Infringement Claims

##### 1.   The Second Circuit Has Not Applied the Discovery Rule to Copyright Infringement Claims

In arguing that this Court should apply the discovery rule, Urbont claims that the Second

Circuit "interprets" the Copyright Act "as applying the discovery rule" to infringement claims.

Pl.'s Br. 10.  Urbont rests this claim solely on three Second Circuit cases involving declarations

of *ownership* in copyright.  *See* Pl.'s Br. 10.  In this case, however, Urbont seeks damages for

alleged *infringement* of the Iron Man Theme and is not seeking a declaration of ownership.  The

distinction between these types of claims is paramount, as the Second Circuit has made clear that

infringement claims accrue with the occurrence of an infringing act, while ownership claims

accrue with discovery of the claim.  *See* Defs.' Br. 7 n.6.

In fact, the Second Circuit does not apply the discovery rule to copyright infringement

claims.  Rather, as noted in Sony's opening brief, the Second Circuit recently went to great

lengths to explain the distinction between infringement claims and ownership claims, stating that

the three-year statute of limitations bars "recovery for infringing acts occurring outside the three

year period." Defs.' Br. 9.  Urbont completely fails to recognize, however, that the courts in this

Circuit treat infringement claims differently than ownership claims for purposes of determining

the statute of limitations.

---

[1]   On August 26, 2011, Urbont served an Amended Complaint along with the filing of his opposition to Sony's motion to dismiss. On August 31, 2011, the Court informed counsel for Sony that the Court would construe Sony's motion to dismiss the original Complaint, including this reply brief, as a motion to dismiss the Amended Complaint.

Likewise, Urbont cites *Merchant v. Levy* – a Second Circuit case involving a copyright

ownership claim – as having applied the discovery rule to all claims arising under the Copyright

Act "without distinguishing between ownership and infringement claims." See Pl.'s Br. 6. This

assertion is at odds with *Merchant*'s actual holding, which made clear that the application of the

discovery rule to ownership claims did *not* extend to infringement claims:

> We note that Plaintiffs' cause of action is not based on copyright
> infringement, a point Plaintiffs do not contest on appeal. Our holding here
> does not disturb our previous rulings that a copyright owner's suit for
> infringement is timely if instituted within three years of each infringing act
> for which relief is sought, but *recovery is barred for any infringing acts
> occurring more than three years prior to suit.*

92 F. 3d 51, 57 n.8 (2d Cir. 1996) (emphasis added); *see also Auscape Int'l v. Nat'l Geographic

Soc'y*, 409 F. Supp. 2d 235, 243 (S.D.N.Y. 2004) ("[T]he [*Merchant*] panel noted that only co-

ownership claims and not infringement claims were involved."). Contrary to what Urbont

claims, the Second Circuit has consistently noted the distinction between the accrual of the

statute of limitations for ownership claims (with the discovery of the claim) and for infringement

claims (with the occurrence, not the discovery, of an "infringing" act).[2]

### 2.   Supreme Court Precedent Requires Application of the Injury Rule to Copyright Infringement Claims

As noted in Sony's opening brief, *TRW Inc. v. Andrews*, 534 U.S. 19 (2001) stands for

the proposition that federal courts must look to the text and legislative history of a federal statute

when determining whether a claim under that statute accrues at the time of injury or at the

discovery of the claim. *See* Defs.' Br. 6-8. Following this directive, Judge Kaplan conducted a

---

[2]   Urbont argues that the "basic premise behind *Auscape*" is "undercut" because *Stone* and *Merchant*
remain good law. Pl.'s Br. 10. To the contrary, the *Auscape* opinion expressly did not rely upon the
validity of those two cases since they did not address infringement claims. *Auscape Int'l*, 409 F.
Supp. 2d at 244 ("[R]egardless of whether *Stone* and *Merchant* continue to govern in the co-
ownership context, *TRW* demonstrates that uncritical extension of those cases to the infringement
context would be unwarranted.").

thorough review of the legislative history of the Copyright Act and concluded that Congress intended the injury rule to apply to copyright infringement claims. *See Auscape Int'l*, 409 F. Supp. 2d at 245-47.

Urbont argues that Judge Kaplan mistakenly considered the Copyright Act's legislative history in determining whether Congress intended the discovery or injury rule to apply to infringement claims. *See* Pl.'s Br. 7. Urbont claims that *TRW* requires federal courts to examine only the "text and structure" of Copyright Act, but not its legislative history.[3] *Id.* Urbont's strained reading of *TRW* should be rejected because the Supreme Court in *TRW* did not seek to exclude an analysis of legislative history. Rather, as noted in *Auscape*, *TRW* stands for the proposition that federal courts must look to the "statutory structure and legislative history in determining whether a discovery or injury rule should apply" to a federal claim. *Auscape*, 409 F. Supp. 2d at 244. Indeed, the Supreme Court engaged in a review of legislative history in the *TRW* opinion itself. See 534 U.S. at 32-33.[4]

Moreover, even if *TRW* limited the analysis to the "text and structure" of the Copyright Act, that text is undisputedly silent with respect to whether the discovery or injury rule applies. In those circumstances, it is well-established that the standard rule governing accrual of federal statutory claims is the injury rule.[5] In fact, the Court in *TRW* noted that the only cases in which it

---

[3] Urbont suggests that *TRW* is a "narrow ruling" applicable only to FCRA cases. Pl.'s Br. 7. To the contrary, the Supreme Court itself has applied *TRW* to the interpretation of various federal statutes. *See, e.g.*, *Milner v. Dep't of Navy*, __ U.S. __, 131 S. Ct. 1259, 1268 (2011) (FOIA); *Flores-Figueroa v. U.S.*, 129 S. Ct. 1886, 1892 (2009) (federal criminal identity theft).

[4] After *TRW*, the Supreme Court continues to routinely consider legislative history when the text and structure of a statute do not lend any guidance. *See, e.g.*, *Corley v. U.S.*, 556 U.S. 303 (2009); *Hibbs v. Winn*, 542 U.S. 88 (2004).

[5] *See, e.g.*, *Merck & Co. v. Reynolds*, __ U.S. __, 130 S. Ct. 1784, 1793 (2010) (noting that the discovery rule is an exception to the "general limitations rule that a cause of action accrues once a plaintiff has a 'complete and present cause of action'" (citation omitted)); *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (setting forth the "standard rule" and holding that plaintiff's false arrest claim under

had previously recognized a discovery rule in the absence of express statutory language involved

hidden injuries, such as latent disease and medical malpractice, which are hardly comparable to

an infringement claim in connection with a widely released and successful music album. See

534 U.S. at 27.[6] Accordingly, even if the *TRW* holding somehow restricted this Court from

reviewing the Copyright Act's legislative history, Supreme Court precedent requires application

of the standard injury rule to a copyright infringement claim absent a contrary legislative

directive, which is not present in the Copyright Act.

### 3.    *Auscape* Remains Good Law

Although Urbont falsely suggests that *Auscape* has been considered and "rejected" by

several other circuit courts (Pl.'s Br. 7-8), the only circuit court to actually do so is the Third

Circuit in *William A. Graham Co. v. Haughey*, 568 F.3d 425 (3d Cir. 2009). As discussed

below, this Court should not adopt *Graham*'s reasoning because it is based on Third Circuit law

at odds with the law of this Circuit and it rests on a faulty interpretation of the text of the

Copyright Act.

In *Graham*, the court applied a then-recent Third Circuit ruling that required federal

courts to apply the discovery rule in the absence of an explicit or implied command from

---

42 U.S.C. § 1983 accrued "as soon as the allegedly wrongful arrest occurred"); *Graham County Soil & Water Conservation Dist. v. United States ex rel. Wilson*, 545 U.S. 409, 418-19 (2005) (setting forth the "standard rule" and holding that plaintiff's retaliation claim under the False Claims Act accrued when retaliation occurred); *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997) (noting that the "the standard rule" governing accrual of federal statutory claims is that "the limitations period commences when the plaintiff has a complete and present cause of action"); *cf. TRW*, 534 U.S. at 38 (Scalia, J., concurring) ("When [Congress] has wanted us to apply a different rule, such as the injury-discovery rule, it has said so.").

[6]   *See* S. Rep. No. 85-1014 (1957), *reprinted in* 1957 U.S.C.C.A.N. 1961, 1962 ("[D]ue to the nature of publication of works of art . . . generally the person injured receives reasonably prompt notice or can easily ascertain any infringement of his rights."); *Auscape Int'l*, 409 F. Supp. 2d at 245 ("At the [legislative] hearings, it was pointed out that 'copyright infringement by its very nature is not a secretive matter.' To the contrary, it is 'an act which normally involves the general publication of the work or its public performance.'") (quoting *Copyrights - Statute of Limitations: Hearing on H.R. 781 Before the H. Comm. on the Judiciary*, 84th CONG. 40 at 11, 51 (1955)).

4

Congress with respect to the accrual date of a federal statute. 568 F.3d at 435 (citing *Disabled in Action of Pa. v. S.E. Pa. Transp. Auth.*, 539 F.3d 199 (3d Cir. 2008)). That Third Circuit ruling is in stark contrast to the repeated Supreme Court holdings stating that it is the injury rule that is the "standard rule" to be applied in the absence of such a command from Congress, as stated in the previous section. Similarly, the Second Circuit has recently held that the discovery rule "does not govern the accrual of most claims because most claims do not involve conduct that is inherently self-concealing." *S.E.C. v. Gabelli*, ___ F.3d ___, 2011 WL 3250556, at *7 (2d Cir. Aug. 1, 2011). As also noted above, copyright infringement claims are certainly not self-concealing, particularly claims like this one that involve music albums that were openly and notoriously released on a nationwide basis.

Moreover, the *Graham* court's conclusion that the "text and structure of the Copyright Act actually favor use of the discovery rule" is based on a strained interpretation of that statute. 568 F.3d at 434. The court's conclusion hinges on the disparity between the criminal statute of limitations embodied in the Copyright Act, which requires proceedings to be commenced "within 5 years after the cause of action *arose*," as compared to the civil statute of limitations, which requires the action to be commenced "within three years after the claim *accrued*." See 17 U.S.C. § 507(a)-(b) (emphases added). The Third Circuit then made the leap that since the terms "arose" and "accrue" are different words they must have different meanings and that the meaning of the term "accrue," found in the civil statute of limitations, must be associated with the discovery rule. *Graham*, 568 F.3d at 434-35.

The terms "accrue" and "arise" are indeed different words, but they plainly do not have different meanings. *See, e.g.*, BLACK'S LAW DICTIONARY (defining "accrue" as "to arise"). It is therefore not surprising that the terms "accrue" and "arise" are used interchangeably throughout

5

the United States Code.[7]  Even if the terms "accrue" and "arise" had different meanings,

however, it is difficult to see how anyone could determine which of the two terms correlates with

application of the injury rule and which with the discovery rule.  *See TRW*, 534 U.S. at 32

(noting that the term "liability arises" "is not particularly instructive" and could call for

application of either the discovery rule or the injury rule).

Finally, Urbont claims that "[i]n the most recent Southern District case addressing this

issue, Judge Sharpe rejected *Auscape*."  Pl.'s Br. 9 (citing *Zalewski v. T.P. Builders, Inc.*, No. 10-

Civ-876, 2011 WL 3328549 (N.D.N.Y. Aug. 2, 2011)).  This assertion is mistaken on all counts.

As an initial matter, Judge Sharpe sits on the bench of the Northern District of New York, not the

Southern District.  Moreover, Judge Sharpe did not render a decision "rejecting" *Auscape*, but

instead discussed the injury rule – discovery rule issue in dicta.  Judge Sharpe made it crystal

clear that he had not come to a conclusion on the issue:

> The court's discussion of accrual under § 507(b) is simply that, a
> discussion, and should not be interpreted to cut off future argument on the
> issue or otherwise preclude the parties from attempting to modify the
> court's viewpoint.  Nor should the court's observations be interpreted to
> relieve plaintiffs of their burden to adequately plead their causes of action.

*Id.* at *7 n.4.  In any event, Judge Sharpe rested his entire "discussion" on the Third Circuit's

opinion in *Graham*, which, as discussed above, should not be applied here.

### B.    Even if the Discovery Rule Applies, the Federal Copyright Infringement Claim Is Time-Barred as to Any Allegedly Infringing Acts Occurring Prior to May 21, 2007

Urbont does not dispute that even where the discovery rule is applied he must

demonstrate that he acted with reasonable diligence in seeking to discover the critical facts

---

[7]    *See, e.g.*, 7 U.S.C. § 25 (cause of action "shall be brought not later than two years after the date the cause of action arises"); 7 U.S.C. § 2305(c) (cause of action must be "commenced within two years after the cause of action accrued"); 22 U.S.C. § 2356 (cause of action must be brought "within six years after the cause of action arises"); 12 U.S.C. § 1977(1) (cause of action must be "commenced within four years after the cause of action accrued").

underlying his claim. *See* Pl.'s Br. 13. Though Urbont sets forth the correct standard, even his

Amended Complaint fails to plead factual allegations demonstrating that he diligently acted to

discover potential infringements of the Iron Man Theme. The only allegation that purports to

show that Urbont exercised reasonable diligence is that he registered his composition with the

U.S. Copyright Office and BMI and that he regularly reviewed the BMI statements that reflect

the public performances for which he is paid royalties. Am. Compl. ¶¶ 33-35. This practice by

Urbont, however, concerns only *authorized public performances* and is of no value in

investigating unauthorized uses of the composition on a recording, as is alleged in this case.

Urbont therefore has still not alleged any facts demonstrating reasonable diligence on his part.[8]

      Urbont tries to avoid his obligation to inquire as to potential infringements by claiming

that it is unreasonable for him to purchase and listen to "every album released" and to investigate

"every cultural reference to Iron Man." Pl.'s Br. 14 & n.4. This straw man greatly misstates

Sony's argument and Urbont's legal obligation. In sum, Urbont claims to be the owner of a song

that is "synonymous with" the super hero Iron Man, and he "derives a substantial portion of his

income from the sale, distribution, and licensing of his musical works." Am. Compl. ¶¶ 17, 19.

When a prominent *recording artist* who goes by the alter ego "Iron Man" and releases an album

with that title – not just any "cultural reference" – names one of his songs "Iron's Theme -

Conclusion," someone who is reasonably diligent in protecting his rights in the similarly titled

"Iron Man Theme" would investigate. Urbont did not do so.[9]

---

[8]    Urbont argues that the inquiry regarding whether he exercised reasonable diligence "is a factual one and improper in a motion to dismiss." Pl.'s Br. 13. To the contrary, courts have routinely dismissed untimely copyright claims on a motion to dismiss where the plaintiff failed to exercise reasonable diligence. *See* Defs.' Br. 14-15 (collecting cases).

[9]    Urbont also asks this Court to apply *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700 (9th Cir. 2004), in which the court held that a plaintiff can recover damages for infringing acts occurring more than three years prior to the filing of the complaint so long as the plaintiff files suit within three years of discovering the infringement. Pl.'s Br. 10-11. In direct conflict with *Polar Bear*, however, the law

7

A similar conclusion was reached by, among others, the court in *Williams v. Curington*, 662 F. Supp. 2d 33 (D.D.C. 2009). Urbont's efforts to explain away this directly on-point case fail completely. First, Urbont seeks to discredit the opinion by citing the Nimmer treatise's criticism of the case for applying the wrong statute in connection with an entirely different issue than the one discussed by Sony. See Pl.'s Br. 16. In connection with the relevant issue of whether the plaintiff exercised reasonable diligence, however, the Nimmer treatise favorably cited the *Williams* opinion. See 3 NIMMER ON COPYRIGHT § 12.05[B][2][a]. Urbont next tries to distinguish *Williams* by claiming that, unlike the plaintiff in that case, he is not a "music industry insider." Pl.'s Br. 16. What made the *Williams* plaintiff a "music industry insider" according to the *Williams* opinion, however, was her experience as a musician who exercised her rights to her songs. *Williams*, 662 F. Supp. 2d at 39. Urbont's own allegations in the Amended Complaint make clear that he fits this definition of a "music industry insider" perfectly.[10] Am. Compl. ¶¶ 5,

---

in this Circuit has long been that damages are only allowed for infringing acts that occurred in the three years preceding the filing of the complaint. *See* Defs.' Br. 10-11 (citing Second Circuit cases). Urbont attempts to distinguish these Second Circuit cases by stating that they merely reflect the rejection of *Taylor v. Meirick*, 712 F.2d 1112, 1117 (7th Cir. 1983), which held that damages may be recovered for infringing acts occurring outside of the three-year period prior to the filing of the complaint so long as an infringing act occurred during those three years. Pl.'s Br. 12-13. Urbont's argument presents a distinction without a difference. Practically speaking, the Ninth Circuit's holding in *Polar Bear* and the Seventh Circuit's holding in *Taylor* have the same effect in that they allow a plaintiff to reach back and recover damages for infringing acts occurring outside of the three-year period immediately preceding suit – a concept that the Second Circuit has undisputedly rejected. *See Kregos v. Associated Press*, 3 F.3d 656, 662 (2d Cir. 1993); *see also* 3 NIMMER ON COPYRIGHT § 12.05[B][2][a] (2011) ("Surprisingly, [the *Polar Bear*] ruling shares some features with the 'continuing wrong' theory – the very basis of *Taylor v. Meirick* that the Ninth Circuit nominally rejected a decade earlier in *Roley*!"). For this reason, two of the only courts outside of the Ninth Circuit to consider this holding from *Polar Bear* have rejected it when faced with controlling Sixth Circuit authority that limits damages to the three years prior to filing the complaint, which is identical to the controlling law of the Second Circuit. *See Goldman v. Healthcare Mgmt. Sys., Inc.*, No. 05-Civ-035, 2008 WL 2559030, at *3 (W.D. Mich. June 19, 2008); *Bridgeport Music, Inc. v. Robert Hill Music*, No. 05-Civ-0377, 2006 WL 3720349, at *4 (M.D. Tenn. Dec. 14, 2006).

[10]   Urbont attempts to present himself as only having "familiarity with classical sources" such as "Bela Bartok's Suite for Piano Opus 14" (Pl.'s Br. 16-17), but this description is belied by his status as the

10-18, 31. Just as the plaintiff in *Williams* would have found the alleged infringement at issue in that case had she acted with reasonable diligence, so too would Urbont have discovered the critical facts underlying his present claim had he acted with the requisite diligence.[11]

## II.   PLAINTIFF'S STATE-LAW CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS OR, ALTERNATIVELY, ALL CLAIMS FOR RELIEF FOR ACTIONS OCCURRING BEFORE MAY 21, 2007 ARE BARRED

Urbont does not dispute that each of his state law claims is governed by the three-year statute of limitations for claims involving injury to property set forth in N.Y. C.P.L.R. 214(4). *See* Pl.'s Br. 17. Urbont asserts that these claims allege the "same facts," are "closely related," and "the title given to the claims are irrelevant." *Id.* at 17-18. Specifically, these claims all relate to the alleged copying of the Iron Man Theme in violation of Urbont's claimed rights. *Id.*

Urbont then goes to great lengths to analogize these claims to trespass claims that involve a rolling statute of limitations. *Id.* at 18-22. Urbont makes no effort to address a case Sony cited that involves common law copyright infringement, however, even though that claim forms the crux of all of the state claims at issue. In *Thee v. Parker Bros.*, the plaintiff alleged common law copyright infringement resulting from the defendants' sale of a game allegedly based upon the plaintiff's invention. *See* No. 75-Civ-1554, 1978 WL 950, at *1 (E.D.N.Y. Mar. 9, 1978). The court held that the common law copyright infringement claim was time-barred because it was brought more than three years after the initial alleged infringement, even though there was no indication that the alleged infringement had ceased when the complaint had been filed. *Id.* at *4-

---

alleged composer of the cartoon theme song at issue in this litigation, as well as his alleged work with performers such as Dom DeLuise.

[11]   Urbont asserts that neither of the songs at issue in this case was released as a single and suggests that he was therefore unable to discover them earlier. *See* Pl.'s Br. 14 (stating "Urbont's Iron Man Theme [sic] was not released as a single"). Even if true, this is no justification for his failure to discover them within the three-year period of limitations considering the song at issue in *Williams* was also not released as a single.

5. As with the other cases previously cited by Sony, *Thee* underscores that common law copyright violations and analogous claims are time-barred unless brought within three years of the initial alleged injury.

In any event, even if Urbont were correct in asserting that his state claims are analogous to a continuing trespass, the law is clear that he may not collect for any alleged violations for a continuing trespass that occurred more than three years before May 21, 2010.[12] As a result, Urbont is not entitled to relief on his state claims as to any sales of the allegedly infringing songs that occurred before May 21, 2007.

## CONCLUSION

For the foregoing reasons and those set out in Sony's opening papers, Sony respectfully requests that this Court dismiss Counts II, III, and IV of the Amended Complaint in their entirety and dismiss Count I as to all sales of *Supreme Clientele* or the songs contained therein occurring prior to May 21, 2007, and grant such other and further relief as the Court deems just and proper.

Dated: September 9, 2011                    **ANDERSON KILL & OLICK, P.C**

By:  */s/ Marc S. Reiner*
Marc S. Reiner (MR-6669)
Raymond A. Mascia Jr. (RM-8722)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 278-1000
Facsimile: (212) 278-1733

*Attorneys for Defendants*
*Sony Music Entertainment and*
*Razor Sharp Records, LLC*

---

[12] *See, e.g., Ediciones Quiroga, S.L. v. Fall River Music, Inc.,* No. 93-Civ-3914, 1995 WL 103842, at *8 (S.D.N.Y. Mar. 7, 1995); *Saunders v. Hilpertshauser*, No. 84-Civ-6153, 1988 WL 42146, at *4 (S.D.N.Y. Apr. 26, 1988); *Scheg v. Agway, Inc.*, 229 A.D.2d 963, 964, 645 N.Y.S.2d 687, 688-89 (4th Dep't 1996); *Cippitelli v. Town of Niskayuna*, 203 A.D.2d 632, 634, 610 N.Y.S.2d 622, 624 (3d Dep't 1994); *De Medici v. Lorenzo De Medici, Inc.*, 101 A.D.2d 719, 720, 475 N.Y.S.2d 391, 393 (1st Dep't 1984).