UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JACK URBONT,                                          11 CIV. 04516 (NRB)
                                                      ECF Case
                      Plaintiff,

    -against-

SONY MUSIC ENTERTAINMENT,
individually d/b/a EPIC RECORDS,
DENNIS COLES p/k/a GHOSTFACE
KILLAH, and RAZOR SHARP RECORDS,
LLC,

                      Defendants.

------------------------------------------------------------X

## DEFENDANT DENNIS COLES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT

### PRELIMINARY STATEMENT

This memorandum is submitted by defendant Dennis Coles in support of his motion to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process.

### STATEMENT OF FACTS

Plaintiff purports to have effected service upon defendant Dennis Coles by serving his "business manager" Michael Caruso (see Affidavit of Service, Ex. A to Caruso Dec.).

1

Plaintiff further claims that Mr. Caruso is "a person authorized to accept service" of a summons and complaint on behalf of defendant.

However, as confirmed by Mr. Caruso, he was never authorized by defendant Dennis Coles, by appointment or by law, to receive service of process on Mr. Coles' behalf. Even if Mr. Caruso is deemed to be Mr. Coles' "business manager," this fact alone does not constitute him as an agent authorized to accept service of process, unless he was specifically authorized to do so. As Mr. Caruso attests that he was never authorized to accept service, service upon him is insufficient to confer jurisdiction over defendant Coles.

**POINT I**

**AN ENTERTAINER'S MANAGER IS
NOT AUTHORIZED TO RECEIVE
SERVICE OF PROCESS**

Pursuant to Federal Rule of Civil Procedure 4(e)(2)(C) service of a summons and complaint upon an individual may be made by "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." According to the amended complaint defendant Coles is "a musician, performer and producer" (¶ 8). According to the Affidavit of Service, the person served (Michael Caruso) was authorized to accept service in his capacity as defendant's "business manager."

Mr. Caruso has unequivocally stated that he was never authorized by appointment or by law to receive service of process on behalf of defendant Coles. Accordingly,

service upon him is improper and does not confer jurisdiction over defendant Coles.

As noted in New York CPLR *Practice Commentary* C308:4, p. 206, an agent must be specifically authorized to accept service of process:

> When service on a natural person is sought to be made on an agent, the agent must have the specific authority to accept service of process. Some individuals, notably performing artists and professional athletes, have managing agents, but such agents are not authorized, as such, to accept process for their clients. *See, e.g., Edward V. Green Enterprises v. Manilow*, 1980, 103 Misc.2d 869, 427 N.Y.S.2d 199 (Sup. Ct. Broome Co.).

In the case cited in the *Practice Commentary* service of the summons and complaint was attempted upon defendant entertainer's "manager." The Court granted defendant entertainer's motion to dismiss the complaint, finding that service upon his manager did not give the Court jurisdiction over the entertainer:

> The provisions for service upon a natural person are governed by CPLR s 308, and require personal service unless service is effected by the other methods described in subdivisions 2 through 5, which is not asserted here. Nor does plaintiff assert that Lourie was an agent designated to receive process, as provided by Rule 318. Nor is it asserted that the contracts upon which the action is based provided for service upon Lourie, or that any power of attorney so provided. (*General Obligations Law,* s 5-1502H-6; *Fairfield Lease Corp. v. Empire Employees Sunshine Club,* 74 Misc.2d 328,

3

345 N.Y.S.2d 305 (1973): *National Equipment Rental, Ltd. v. Szukhent,* 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354.)

Edward V. Green Enterprises, Inc. v. Manilow, 103 Misc.2d 869, 870, 427 N.Y.S.2d 199, 200 (Broome Co. Sup. Ct. 1980). This rule was applied in federal court in Gaziz v. John S. Latsis (U.S.A.), Inc., 729 F. Supp. 979, 991 (S.D.N.Y. 1990):

> Nor can service be proper under Rule 4(d)(1) since, as a general matter, an individual cannot be served through a general agent. *See Edward V. Green Enterprises, Inc. v. Manilow,* 103 Misc.2d 869, 870, 427 N.Y.S.2d 199, 200 (Sup.Ct. 1980).

and Jackson v. County of Nassau, 339 F. Supp.2d 473, 477 (E.D.N.Y. 2004):

> Designation of an "agent" for general purposes, however, such as in the entertainment industry, does not necessarily amount to designation of that agent to accept service of process. *Edward V. Green Enters., Inc. v. Manilow,* 103 Misc.2d 869, 427 N.Y.S.2d 199, 200 (1980). Instead, such a designation must be specific. *Id. See generally* CPLR 308 (*McKinney's Practice Commentary 308:4*).

As Mr. Caruso was never authorized by defendant Coles to accept service of process on his behalf and as Mr. Caruso's alleged status as Mr. Coles' "business manager" does not imply authority to accept service, service upon Mr. Caruso was insufficient.

4

## CONCLUSION

For the reasons specified above, defendant Dennis Coles' motion to dismiss the amended complaint for insufficiency of service of process should in all respects be granted.

DATED: NEW YORK, NEW YORK
MARCH 28, 2012

Respectfully submitted,

CINQUE & CINQUE, P. C.

By: _____
James P. Cinque (JPC-3673)
Attorneys for Defendant Dennis Coles
845 Third Avenue
Suite 1400
New York, New York 10022
Telephone: (212) 759-5515
Telefax:    (212) 759-7737
E-mail:    CINQUE845@aol.com