Marc S. Reiner (MR-6669)
Raymond A. Mascia Jr. (RM-8722)
ANDERSON KILL & OLICK, P.C
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 278-1000
Facsimile: (212) 278-1733

Attorneys for Defendants
Sony Music Entertainment and
Razor Sharp Records, LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACK URBONT,<br><br>                              Plaintiff,<br><br>                  - against -<br><br>SONY MUSIC ENTERTAINMENT,<br>individually d/b/a EPIC RECORDS; DENNIS<br>COLES p/k/a GHOSTFACE KILLAH; and<br>RAZOR SHARP RECORDS, LLC,<br><br>                              Defendants. | 11-Civ-04516(NRB)<br><br>**DEFENDANTS SONY MUSIC<br>ENTERTAINMENT AND RAZOR<br>SHARP RECORDS, LLC'S ANSWER<br>TO THE AMENDED COMPLAINT** |

Defendants Sony Music Entertainment and Razor Sharp Records, LLC (collectively,

"Defendants" or "Sony"), by their attorneys, Anderson Kill & Olick, P.C., as and for its answer

to the amended complaint filed by Plaintiff Jack Urbont ("Plaintiff" or "Urbont") on or about

August 29, 2011 (the "Amended Complaint"), hereby state as follows:

        1.      Sony admits that this Court has subject matter jurisdiction over this action and

denies the remaining allegations in Paragraph 1 of the Amended Complaint.

        2.      Sony admits the allegation in Paragraph 2 of the Amended Complaint.

3.    Sony admits that this Court has personal jurisdiction over it and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 of the Amended Complaint.

4.    Sony admits that it resides in this judicial district, denies that it has "committed unlawful acts of infringement in this Judicial District," and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 of the Amended Complaint.

5.    Sony denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Amended Complaint.

6.    Sony denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Amended Complaint.

7.    Sony denies that it is a corporation and denies that it can be served at "550 Madison Avenue # 6" and admits the remaining allegations in Paragraph 7 of the Amended Complaint.

8.    Sony denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Amended Complaint.

9.    Sony denies the allegations in Paragraph 9 of the Amended Complaint.

10.    Sony denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Amended Complaint.

11.    Sony denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Amended Complaint.

12.    Sony denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Amended Complaint.

13.     Sony denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Amended Complaint.

14.     Sony denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Amended Complaint.

15.     Sony denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Amended Complaint.

16.     Sony denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Amended Complaint.

17.     Sony denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Amended Complaint.

18.     Sony denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Amended Complaint.

19.     Sony denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Amended Complaint.

20.     Sony denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Amended Complaint.

21.     Sony denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Amended Complaint.

22.     Sony denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Amended Complaint.

23.     Sony denies the allegations in Paragraph 23 of the Amended Complaint.

24.     Sony denies the allegations in Paragraph 24 of the Amended Complaint.

25.     Sony denies knowledge or information sufficient to form a belief as to the truth of the second sentence in Paragraph 25 of the Amended Complaint.

26.     Sony denies the allegations in Paragraph 26 of the Amended Complaint.

27.     Sony admits that licenses were acquired for certain compositions and sound recordings used on *Supreme Clientele*, and denies the remaining allegations in Paragraph 27 of the Amended Complaint.

28.     Sony denies the first and third sentences in Paragraph 28 of the Amended Complaint.  Sony denies knowledge or information sufficient to form a belief as to the truth of the second sentence in Paragraph 28 of the Amended Complaint.

29.     Sony denies the allegations in Paragraph 29 of the Amended Complaint.

30.     Sony denies the allegations in Paragraph 30 of the Amended Complaint.

31.     Sony denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Amended Complaint.

32.     Sony denies the allegations in Paragraph 32 of the Amended Complaint.

33.     Sony denies the  allegations in Paragraph 33 of the Amended Complaint.

34.     Sony denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Amended Complaint.

35.     Sony denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Amended Complaint.

36.     Sony denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Amended Complaint.

37.     Sony denies the allegations in Paragraph 37 of the Amended Complaint.

38.     Sony denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Amended Complaint.

39.     Sony admits that Sony and Urbont entered into negotiations and a tolling agreement, and denies the remaining allegations of Paragraph 39 of the Amended Complaint.

40.     Sony incorporates by reference its responses to Paragraphs 1 to 39 of the Amended Complaint as though fully set forth herein.

41.     Sony denies the allegations in Paragraph 41 of the Amended Complaint.

42.     Sony denies the allegations in Paragraph 42 of the Amended Complaint.

43.     Sony denies the allegations in Paragraph 43 of the Amended Complaint.

44.     Sony denies the allegations in Paragraph 44 of the Amended Complaint.

45.     Sony denies the allegations in Paragraph 45 of the Amended Complaint.

46.     Sony denies the allegations in Paragraph 46 of the Amended Complaint.

47.     Sony denies the allegations in Paragraph 47 of the Amended Complaint.

48.     Sony incorporates by reference its responses to Paragraphs 1 to 47 of the Amended Complaint as though fully set forth herein.

49.     Sony denies the allegations in Paragraph 49 of the Amended Complaint.

50.     Sony denies the allegations in Paragraph 50 of the Amended Complaint.

51.     Sony denies the allegations in Paragraph 51 of the Amended Complaint.

52.     Sony denies the allegations in Paragraph 52 of the Amended Complaint.

53.     Sony denies the allegations in Paragraph 53 of the Amended Complaint.

54.     Sony denies the allegations in Paragraph 54 of the Amended Complaint.

55.     Sony incorporates by reference its responses to Paragraphs 1 to 54 of the Amended Complaint as though fully set forth herein.

56.     Sony denies the allegations in Paragraph 56 of the Amended Complaint.

57.     Sony denies the allegations in Paragraph 57 of the Amended Complaint.

58.     Sony admits that Ghostface is also known by the nickname "Tony Starks" and that alias is similar to the fictional character Iron Man's secret identity, and denies the remaining allegations in Paragraph 58 of the Amended Complaint.

59.     Sony admits that Ghostface released an album entitled *Ironman* in 1996, and denies the remaining allegations in Paragraph 59 of the Amended Complaint.

60.     Sony denies the allegations in Paragraph 60 of the Amended Complaint.

61.     Sony denies the allegations in Paragraph 61 of the Amended Complaint.

62.     Sony denies the allegations in Paragraph 62 of the Amended Complaint

63.     Sony incorporates by reference its responses to Paragraphs 1 to 62 of the Amended Complaint as though fully set forth herein.

64.     Sony denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the Amended Complaint.

65.     Sony denies the allegations in Paragraph 65 of the Amended Complaint.

66.     Sony denies the allegations in Paragraph 66 of the Amended Complaint.

67.     Sony denies the allegations in Paragraph 67 of the Amended Complaint.

68.     Sony denies the allegations in Paragraph 68 of the Amended Complaint.

69.     Sony denies the allegations in Paragraph 69 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

Sony reserves its right to amend or supplement these Affirmative Defenses as more information becomes available or additional affirmative defenses are discovered.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim for copyright infringement, unfair competition and/or misappropriation.

### SECOND AFFIRMATIVE DEFENSE

The relief Plaintiff seeks is barred by the statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel, waiver and/or laches.

### FOURTH AFFIRMATIVE DEFENSE

If Plaintiff suffered or sustained any damage or injury, it was caused by and attributable to the conduct of parties other than Sony.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, precluded and/or limited insofar as any alleged use of Plaintiff's allegedly copyrighted material constitutes fair use thereof.

### SIXTH AFFIRMATIVE DEFENSE

The relief Plaintiff seeks is barred, in whole or in part, on the ground that Sony acted reasonably, in good faith, and with innocent intent.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred insofar as Plaintiff does not own the copyrights and other property at issue in this action.

## EIGHTH AFFIRMATIVE DEFENSE

On information and belief, Plaintiff cannot enforce his purported copyright because Plaintiff obtained his copyright registration by fraud on the U.S. Copyright Office.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring suit for the claims alleged in this action.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred insofar as Plaintiff failed to register the copyrights at issue in this action in accordance with the law.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as to Razor Sharp Records, LLC because that company no longer exists as a legal entity.

## RELIEF REQUESTED

**WHEREFORE**, Sony respectfully requests the following relief:

1.     A judgment in favor of Sony denying Plaintiff all relief requested in the Amended Complaint and dismissing Plaintiff's Amended Complaint with prejudice;

2.     A judgment in favor of Sony awarding Sony its costs, including its reasonable attorneys' fees incurred in the defense of this action pursuant to 17 U.S.C. § 505; and

3.     A judgment in favor of Sony awarding Sony such other and further relief as the Court deems just and proper.

8

Dated:  April 9, 2012                    **ANDERSON KILL & OLICK, P.C**


By:     /s/ MARC S. REINER
_____
Marc S. Reiner (MR-6669)
Raymond A. Mascia Jr. (RM-8722)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 278-1000
Facsimile: (212) 278-1733

*Attorneys for Defendants*
*Sony Music Entertainment and*
*Razor Sharp Records, LLC*