UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jack URBONT d/b/a URBONT MUSIC<br><br>    Plaintiff,<br>v.<br><br>SONY MUSIC ENTERTAINMENT, individually and d/b/a EPIC RECORDS ("Sony"), DENNIS COLES p/k/a GHOSTFACE KILLAH and RAZOR SHARP RECORDS, LLC<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) No. 11-Civ-04516 (NRB)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF LAW IN OPPOSITION TO**
**DEFENDANT COLES' MOTION TO DISMISS**

    Plaintiff Jack Urbont d/b/a Urbont Music respectfully submits this memorandum of law in opposition to the Motion of Defendant Dennis Coles p/k/a Ghostface Killah ("Coles") to Dismiss and states as follows:

    Coles's Motion to Dismiss is based on the alleged lack of effective service of process on Coles. DE 19. This Court has granted Urbont until June 24, 2012 to effect service on Coles. Letter from Judge Buchwald dated Feb. 24, 2012 attached hereto as Exhibit A. Thus, even if service on Coles has not been perfected, this matter should not be dismissed. Instead, Urbont should be allowed to perfect service on Coles at any time between the present and June 24, 2012.

    Further, Urbont has perfected service on Coles. Urbont served process on Coles's business manager, Michael Caruso ("Caruso"), after Caruso said he was authorized to accept service. DE 15. Service on Caruso was reasonably calculated to provide actual notice of this action, in a manner and at a time that afforded Coles a fair opportunity to answer the Complaint

1

and present defenses and objections. It is clear that Coles has actual notice of the suit because counsel appeared on Coles's behalf in this matter. DE 16.

Coles has attempted to game the system by hiding from his legal responsibilities instead of defending himself in court. These evasions have cost Urbont both time and money. Coles has actual notice of the instant suit and has the opportunity to raise any defenses he might have. As such, Coles should be required to defend this matter on its substance.

However, should the Court determine that service has not been perfected on Coles, Urbont would, in the alternative, move the Court to allow alternative service on Coles. *See* N.Y. C.P.L.R. § 308(5). Under the present facts and circumstances such alternative service is warranted and will speed the equitable resolution of this matter.

## Statement of Facts

Urbont engaged a process server to serve Coles with the original Complaint. The process server effected service on Coles on August 8, 2011, and return of service was filed with the Court on August 17, 2011. DE 9. Coles never responded to or challenged that initial service.

On the same day Coles was obligated to file a responsive pleading, August 29, 2011, Urbont filed an Amended Complaint. DE 12. Urbont again paid for a process server to serve Coles. DE 14. That process server made multiple attempts to serve Coles, but was unsuccessful. DE 14; *see also* Affidavit Declaration of Anthony Mazzella attached hereto as Exhibit B. Additionally, Mazzella took multiple steps in attempting to locate a home address for Coles. *See e.g.* Change of Address Information Request attached hereto as Exhibit C. Because of the difficulty of serving Coles, in a December 18, 2011 letter Urbont asked the Court to allow Coles to be served by publication. Letter to Judge Buchwald dated Dec. 19, 2011 attached hereto as Ex. D. That request was denied.

On December 21, 2011, Urbont asked the Court to extend the time to effect service on Coles. DE 14. The Court endorsed that letter, granting Urbont until March 26, 2012 to effect service on Coles. DE 14.

Following the Court's action, Urbont hired a private investigator, Joe O'Brien, to effect service on Coles. Declaration of Joe O'Brien attached hereto as Exhibit E; *see also* Declaration of James Thayer attached hereto as Exhibit F. O'Brien has conducted a diligent and thorough investigation in order to serve Coles. Ex. E. Coles' business manager, Caruso, agreed, with the apparent assent of Coles, to accept service on behalf of Coles. Ex. E. Caruso specifically stated that he was authorized to accept service. Ex. E. Service on Caruso was perfected on January 16, 2012. DE 15.

After the time for Coles to respond to the Complaint had run, on February 16, 2012, Coles challenged the service of process on Caruso. Urbont responded to that challenge and requested a 90-day extension of time to serve Coles, so that the service dispute could be resolved. On February 24, 2012, the Court granted that extension of the time allowing Coles to be served through June 24, 2012. Ex. A.

Following Coles' challenge to Urbont's service of process, O'Brien has continued to investigate Coles' whereabouts in an attempt to effect additional service on Coles. Ex. E. O'Brien has diligently attempted to locate Coles, but has been unsuccessful in obtaining his home address. Ex. E. O'Brien has run skip traces on Coles, he has investigated Coles' past addresses, and he has investigated Coles' public appearances. Ex. E. However, none of O'Brien's investigatory techniques have lead to Coles' address.

On March 28, 2012, Coles filed a Motion to Dismiss Urbont's Complaint for lack of effective service of process. DE 17.

Urbont now comes before the Court asking that the service on Caruso be deemed effective on Coles. In the alternative, Urbont moves the Court to allow alternative service in such a manner as directed by the Court.

## **Applicable Authority**

Federal Rule of Civil Procedure 4(e) allows process to be served by delivering a copy of the summons and complaint to the individual personally; leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or, "delivering a copy of [the summons and complaint] to an agent authorized by appointment or by law to receive service of process."

Rule 4 also allows service under state law. The New York law of civil personal service states:

> Personal service upon a natural person shall be made by any of the following methods:
>
> 1. by delivering the summons within the state to the person to be served; or
>
> 2. by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business . . . ; or
>
> 3. by delivering the summons within the state to the agent for service of the person to be served under rule 318, . . .;
>
> 4. where service under paragraphs one and two cannot be made with due diligence, by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business . . .;
>
> 5. in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section.

N.Y. C.P.L.R. § 308.

## Argument

### I.     Coles has been Effectively Served with Process

In the present action, Coles' business manager, Caruso, was served with process. Both federal and New York procedures allows service on an authorized agent. Caruso is an authorized agent and clearly passed service on to Coles. Coles has actual knowledge of the suit against him and has been afforded an opportunity to appear and defend this action on its merits. As such, service on Coles has been perfected.

### A.  Under Federal Law Coles has been Properly Served

Under Federal Rule of Civil Procedure 4(e) service upon "an agent authorized by appointment or by law to receive service of process" is effective service. Under the Rule, there is no requirement that the authorization be explicit. Instead, the only requirement is that a representative realizes his responsibilities and knows to properly handle legal papers served on him. *Cohen v. Physical Culture Shoe Co.*, 28 F. Supp. 679, 680 (S.D.N.Y 1938) (citing *Goetz v. Interlake S.S. Co.*, 47 F.2d 753, 757 (S.D.N.Y. 1931)); *see also Insurance Co. of North America v. S/S "Helenic Challenger*," 88 F.R.D. 545, 548 (S.D.N.Y. 1980).

In dealing with the service of subpoenas, the United States Supreme Court has stated service, "has never been treated as an invitation to a game of hare and hounds, in which the witness must testify only if cornered at the end of the chase." *United States v. Bryan*, 339 U.S. 323, 331 (1950). The point of service is to give notice of and a chance to defend against an action.

The Supreme Court has defined the acceptable standard of sufficiency of service as "notice reasonably calculated, under all the circumstances, to apprise interested parties of the


pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank and Trust*, 339 U.S. 306, 314 (1950). The Second Circuit has interpreted this as notice "reasonably calculated to provide actual notice of the action." *National Dev. Co. v. Triad Holding*, 930 F.2d 253, 257 (2d Cir. 1991). The Supreme Court revisited its holding in *Mullane* by stating "the core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *Henderson v. United States*, 517 U.S. 654, 672 (1996).

Under the circumstances, Coles is on notice of the pendency of this action and has been afforded a fair opportunity to answer the Complaint and present his defenses. Coles has actual notice of the suit. Coles has hired an attorney to represent him in this matter. That attorney has made an appearance. As such, service on Coles has been perfected.

It is true that some courts in this Circuit have held that the service on a general agent is not effective service. *See e.g.*, *Jackson v. County of Nassau*, 339 F. Supp. 2d 473, 477-78 (E.D.N.Y. 2004). Those courts have, in general, not looked to the Supreme Court's rulings that it is simply actual notice that is important for service of process. *Henderson*, 517 U.S. at 672; *see also National Dev. Co. v. Triad Holding*, 930 F.2d at 257.

The better rule is the rule put forth in *Lumbermens Mut. Casualty Co. v. Borden Co.*, 268 F. Supp. 303 (S.D.N.Y. 1967). In that case, the court held: "'Where the summons eventually gets to the person intended to be served, and this is admitted by all, it is difficult to justify formal insistence upon the letter of the statute.'" *Id.* at 310 (quoting McKinney's CPLR, 1964 Supplementary Practice Commentary to CPLR § 308, at 114 (Supp. 1966)). Other than strict

letter-of-the-law compliance, Coles has not alleged a single defect in the notice provided to him by Urbont.

### B. Under New York Law Coles has been Properly Served

New York courts "have repeatedly emphasized that '[e]vasion and willful refusal . . . to accept the lawful process of a court . . . cannot be countenanced without encouraging resistance to such process and disrespect for law.'" *Kenworthy v. Van Zandt*, 71 Misc. 2d 950, 953 (N.Y. Civ. Ct. 1972) (quoting *In re Barbara*, 14 Misc. 2d 223, 228 (N.Y. Sup. Ct. 1958)) (citing *Levine v. National Transp. Co.*, 204 Misc. 202 (N.Y. Sup. Ct. 1953)). "It may fairly be said that there is a duty upon person within the jurisdiction to submit to the service of process." *Gumperz v. Hofmann*, 245 A.D. 622, 624 (N.Y. App. Div. 1935).

> Evasion by a *party*, who - - as here - - not only knows what the process server seeks, but knows about the intended lawsuit, is even less to be countenanced. As was said in *Matter of Barbara*: "The object of all service of process is said to be to give notice to the party on whom service is made, that he may be aware of and may resist what is sought of him, and it is a general rule that any service must be deemed sufficient which renders it reasonably probable that the party proceeded against will be apprised of what is going on against him, and have an opportunity to defend."

*Kenworthy*, 71 Misc. at 954 (emphasis in original) (quoting *In re Barbara*, 14 Misc. 2d at 226) (citing *Happy v. Mosher*, 48 N.Y. 313 (N.Y. 1872)).

"The whole purpose of service of process is to give notice to the defendant of the institution of an action." *Slagen v. Marwill*, 78 Misc. 275, 276-77 (N.Y. Sup. Ct. 1974); *see also Hiller v. Burlington & Missouri River R.R. Co.*, 70 N.Y. 223, 227 (N.Y. 1877). As such, the standards "for service on individuals and corporations are to be liberally construed, to further the purpose of finding personal jurisdiction in cases in which the party has received actual notice." *Grammenos v. Lemos*, 457 F.2d 1067, 1070 (2d Cir. 1972) (citing *Nowell v. Nowell*, 384 F.2d 951 (5th Cir. 1967)).

7

There is no doubt, Coles is on actual notice of this action. Coles has hired a lawyer to defend him in this action. Cole's attorney has made an appearance in this case and is actively engaged in defending it. Coles, in fact, does not deny he is actually on notice. Instead, Coles seeks to defend on a technical ground. The only issue raised by Coles is that Caruso was not "authorized by defendant Coles to accept service of process on [Coles'] behalf and as Mr. Caruso's alleged status as Mr. Coles' 'business manager' does not imply authority to accept service." DE 19 at 3-4 (citing *Edward v. Green Enterprises, Inc. v. Manilow*, 103 Misc.2d 869, 870 (N.Y. Sup. Ct. 1980)).

New York state courts have noted:

> The "'trend away from the formalism of earlier generations which refused to countenance a mistake in service'" was discussed by the United States District Court, Southern District, New York, in *Lumbermens Mut. Cas. Co.* v. *Borden Co*. Referring to *Marcy* v. *Woodin*; *Erale* v. *Edwards*, and *Green* v. *Morningside Heights Housing Corp.*, Judge Tenney said, "Although service in these cases did not comply with the literal terms of the applicable statute, each service did accomplish its intended purpose -- giving fair and adequate notice to the defendant of the commencement of an action against him. These decisions emphasize 'good sense and common business practice' and 'are correct in stressing effective and fair notice as the proper criteria.'"

*Davidman v. Ortiz*, 63 Misc. 2d 984, 987-88 (N.Y. Sup. Ct. 1970) (quoting *Lumbermens Mut. Casualty Co.,* 268 F. Supp. at 310) (citing *Marcy v. Woodin*, A.D.2d 944 (N.Y. App. Div. 1963); *Erale v. Edwards*, 47 Misc. 2d 213 (N.Y. Sup. Ct. 1965); *Green v. Morningside Heights Housing Corp.*, 13 Misc. 2d 124 (N.Y. Sup. Ct. 1958); 1 Weinstein-Korn-Miller, New York Civil Practice Para. 311.06). This generally means that "'[w]here the summons eventually gets to the person intended to be served, and this is admitted by all, it is difficult to justify formal insistence upon the letter of the statute.'" *Lumbermens*, 268 F. Supp. At 310 (quoting McKinney's CPLR, 1964 Supplementary Practice Commentary to CPLR § 308, at 114 (Supp. 1966)).

Coles' business manager was served with process. Coles actually got the summons which was served. Such service is consistent with prior holdings in this jurisdiction. In *Green v. Morningside Heights Housing Corp.*, the Court found effective service where, '[t]he process server did not hand the summons to [the person to be served, but instead] gave it to a receptionist who in turn gave it to [the person to be served]." 13 Misc. 2d at 125. This case demonstrates that even where service does not technically follow the statute; it can be effective where the service is reasonable and provides actual notice.

This result is consistent with a decision that delivery "to an individual defendant's secretary constitutes valid service of process under section 308(1), if the secretary indicates that he or she is authorized to accept papers on the defendant's behalf." *M. Prusman, Ltd. v. Ariel Maritime Group, Inc.*, 719 F. Supp. 214, 218 (S.D.N.Y. 1989); *see also Conforti v. Beekman Downtown Hospital*, 79 A.D.2d 968 (N.Y. App. Div. 1981). Urbont's service on Coles' agent Caruso is no different than service on a secretary who indicates that he or she is authorized to accept process.

In fact, a court in this District has found that service was effective where process was served on the secretary of the defendant's spouse. *M. Prusman*, 719 F. Supp. At 219. In that case, the process server went to an office maintained by a husband and wife. *Id*. The office secretary stated that she was authorized to accept service on behalf of the husband, but did not mention the wife. *Id*. The process server served both the husband and wife by leaving the summons with the secretary. *Id*. There was no evidence the wife was at the office. *Id*. There was no evidence whether the summons was delivered to the wife at the office or by her husband at home. *Id*. However, the wife did not "deny receiving the summons." *Id*. Based on these facts, the *M. Prusman* Court found the wife had been served. *Id*.

In that instance, the process server did not comply with the exact letter of the statute. However, the process server did act reasonably in providing actual notice to the wife. Under the instant facts, service was reasonably made and Coles has actual notice. Service was perfected on Coles' business manager. Coles' business manager passed that service along to Coles and put him on actual notice of the suit. Coles has exactly the same opportunity to appear and defend as he would have had if the service was placed directly in Coles' hands. Consistent with *M. Prusman*, this is effective service.

### C. Under Both New York and Federal Law, Coles has been Properly Served

New York courts have held that technical deficiencies are not good reasons to vacate service as such a rule "would only result in compelling the plaintiff to do over what he has already done." *Kimball v. Midwest Haulers, Inc.*, 195 Misc. 231, 235 (N.Y. Sup. Ct. 1949). Coles defends only on technical grounds and does not contest actual notice of the instant suit.

Further, federal courts have made clear, "[t]he appropriate construction of Rule 4(d)(1) varies according to whether the defendant received notice of the suit. 4(d)(1) should be broadly construed where the defendant . . . received notice of the suit." *Nowell*, 384 F.2d at 953 (followed by *FDIC v. Scotto*, No. 97-cv-1631, 1998 U.S. Dist. LEXIS 9752, at *5 (N.D.N.Y. June 27, 1998)). In this instance Coles has received notice of the suit. Coles' attorney has appeared on his behalf. Thus, the rules of service should be broadly construed in order to find service on Coles has been perfected.

Based on the foregoing, Urbont prays the Court will find Coles has been properly served.

## II. In the Alternative, the Court Should Allow Alternative Service on Coles

In the event, the Court finds the service on Coles ineffective the proper remedy is not dismissal, but is instead an opportunity to cure. *Grammenos v. Lemos*, 457 F.2d 1067, 1071 (2d

10

Cir. 1971). "[I]nvalidity of the one attempt at service does not automatically require dismissal of the complaint." *Id.* In fact, it is normally only proper to dismiss a cause when "'there is simply no reasonably conceivable means of acquiring jurisdiction over the person of a defendant.'" *Id.* (quoting *Stanga v. McCormick Shipping Corp.*, 268 F.2d 544, 554 (5th Cir. 1959) (Brown, J. dissenting)). Where a defendant elects to seek dismissal for lack of proper service within the period in which service could be effected, a plaintiff is afforded "an opportunity to remedy any defect in service . . . before automatic dismissal of the action occur[s]." *Beaver Universal Corp. v. 1111 Jamaica Ave. Queens Leasing Corp.*, 163 Misc. 2d 1039, 1043 (N.Y. Sup. Ct. 1995).

Thus dismissal of Urbont's claim is not appropriate because the time to serve Coles has not yet run. As such, Urbont moves the Court to allow additional attempts at service.

Specifically, Urbont moves the Court to allow service by alternative means. Section 308(5) allows service "in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two, and four of this section." *See Grammenos*, 457. F.2d at 1071; *Tremont Fed. S&L Ass'n v. Ndanusa*, 144 A.D.2d 660, 661 (N.Y. Sup. Ct. 1988).

In the instant case, service on Coles personally has proven impracticable. As discussed above, Urbont has gone well beyond normal attempts at service in order to provide Coles with notice of the instant suit and these attempts to serve Coles have proved to be very expensive and time consuming. Urbont has hired multiple individuals in order to perfect service on Coles. Exs. B, E, F. However, Coles does not own property and it does not appear that Coles rents property in his own name. Ex. E. Thus, it is impracticable to find a valid address for Coles.

Urbont's attempts to effect service on Coles and the fact that Coles has actual knowledge of the suit counsel for allowing for alternative service. Additionally, since Coles' attorney has

11

made an appearance in this case, Urbont requests he be allowed to serve Coles' attorney and have such service be deemed effective.

In *Kenworthy*, the court held it had the power in,

> [a]ny situation where defective service is caused, not by plaintiff's lack of diligence, but by defendant's own conduct . . . [to] direct that a copy of the summons and complaint be served . . . on defendant's attorneys . . .; that such service shall be deemed *nunc pro tunc* valid service from the date of initial service; and that defendant shall have 10 days, from the date of service on said attorneys, in which to answer or move.

71 Misc. 2d at 954 (citing *Dobkin v. Chapman*, 21 N.Y.2d 490 (N.Y. 1968)). New York courts have routinely allowed service to be effected on a defendant's attorneys with an *ex parte* court order. *See Franklin v. Winard*, 189 A.D.2d 717 (N.Y. App. Div. 1993). Any method of service determined by a court is valid as long as the method is "reasonably calculated to give notice." *Van Dunk v. Lazrovitch*, 50 Misc. 2d 649, 652 (N.Y. Civ. Ct. 1966).

Allowing service on Coles' attorney is "reasonably calculated to give notice to Coles of the instant suit. Coles is already actually on notice of the instant suit. Coles' attorney is obviously acting on Coles' behalf in defending against the suit and thus will be able to provide additional notice to Coles and provide Coles with representation in answering or otherwise defending against Urbont's claims. Urbont moves the Court for such relief.

If the Court finds that service on Coles' attorney is not sufficient, Urbont would move for permission to serve by publication. Publication as a means of service is common where other service is impracticable. *See Sellars v. Raye*, 25 A.D.2d 757 (N.Y. Sup. Ct. 1966). Service by publication will be especially effective in the instant case, because Coles already has notice of the pending suit. Therefore, there will be no harm from a lack of notice.

The facts and circumstances surrounding the attempted service of Coles in this action counsel for alternative service as provided by New York law. *See* N.Y. C.P.L.R. § 308(5).

**Conclusion**

Urbont has perfected service on Coles through service reasonably calculated to provide actual notice of this action, in a manner and at a time that afforded Coles a fair opportunity to answer the complaint and present defenses and objections.  Based on this service, Urbont prays the Court will deny Coles' Motion and order Coles to defend this action on its merits.

In the alternative, Urbont prays the Court to order alternative service on Coles.

Dated: April 16, 2012                    Respectfully submitted,


By:    /s/Richard S. Busch___

Richard S. Busch (SB 5613)
KING & BALLOW
315 Union Street, Suite 1100
Nashville, Tennessee 37201
Telephone:  (615) 259-3456
Facsimile:   (615) 726-541

Kenneth E. Gordon (KG 5703)
GORDON, GORDON & SCHNAPP, P.C.
437 Madison Avenue, 39th Floor
New York, New York 10022
Telephone:  (212) 355-3200
Facsimile:   (212) 355-3292

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 16th day of April, 2012, I electronically filed the foregoing Document with the Clerk of the Court using the ECF System which sent notification of such filing to the following:

Mark Reiner, Esq.
1251 Avenue of the Americas
New York, NY 10020
Telephone: 212-278-2000
Facsimile: 212-278-1733

Raymond A. Mascia, Jr., Esq.
1251 Avenue of the Americas
New York, NY 10020
Telephone: 212-278-2000
Facsimile: 212-278-1733

James P. Cinque, Esq.
845 Third Avenue
Suite 1400
New York, New York 10022
Telephone: (212) 759-5515
Facsimile: (212) 759-7737

                                                /s/ Richard S. Busch