```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
JACK URBONT,

                    Plaintiff,

          - against -

SONY MUSIC ENTERTAINMENT d/b/a
EPIC RECORDS, DENNIS COLES p/k/a
GHOSTFACE KILLAH, and RAZOR SHARP
RECORDS, LLC,

                    Defendants.
-----------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/4/2012

**MEMORANDUM AND ORDER**

11 Civ. 4516 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Presently before the Court is the motion of defendant Dennis Coles p/k/a Ghostface Killah ("Coles") to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. In opposition, Plaintiff Jack Urbont requests that the Court deem service on Coles to have been perfected, or, in the alternative, authorize alternative means of service. For the reasons stated below, we hold that service on Coles has yet to be effected, but we authorize Urbont to serve Coles via publication notice.

### BACKGROUND

On June 30, 2011, Urbont filed the instant suit against Coles and defendants Sony Music Entertainment d/b/a Epic Records and Razor Sharp Records, LLC (together with Sony Music Entertainment, "Sony"), alleging infringement of his rights to

the musical composition and sound recording of the "Iron Man Theme."[1] It is undisputed that Urbont served the original complaint on Coles on August 8, 2011. (Docket No. 9.)

Urbont filed the amended complaint on August 29, 2011 - the same day on which Coles would have been required to respond to the original complaint. Although Urbont retained a process server who made various attempts to serve Coles with the amended complaint, those efforts proved unsuccessful.[2] (See Mem. of Law in Opp'n to Def. Coles' Mot. to Dismiss ("Pl. Mem.") Ex. B.) Urbont subsequently hired Joe O'Brien - a private investigator with nearly twenty years of experience as an FBI agent - (to attempt) to serve Coles. (Decl. of James Thayer ("Thayer Decl."), filed Apr. 16, 2012, ¶ 5.) O'Brien asserts that he has run "skip traces" on Coles, investigated Coles' past addresses, and tracked Coles' public appearances, but these measures have also been to no avail in locating Coles. (Decl. of Joe O'Brien ("O'Brien Decl."), filed Apr. 16, 2012, ¶ 12.)

Central to this motion is an exchange that occurred while O'Brien was investigating a former landlord of Coles named Gina Caruso. (Id. ¶ 7.) On January 16, 2012, O'Brien arrived at Ms.

---

[1] On March 27, 2012, the Court granted in part and denied in part Sony's motion to dismiss, holding that certain of Urbont's federal copyright infringement claims were time-barred. See Urbont v. Sony Music Entm't, No. 11 Civ. 4516 (NRB), 2012 WL 1034905 (S.D.N.Y. Mar. 27, 2012).

[2] The measures taken by the process server included an attempt to locate a new home address for Coles, who had apparently moved from his previous residence, but this effort was not fruitful. (Pl. Mem. Ex. C)

2

Caruso's home and was greeted at the door by her husband, Michael Caruso. (Id. ¶ 8.) O'Brien indicates that Mr. Caruso identified himself as Coles' business manager and informed O'Brien that Coles was traveling at the moment. (Id.) O'Brien represents that he then asked Mr. Caruso whether he was authorized to accept service on Coles' behalf, to which Caruso allegedly responded in the affirmative. (Id. ¶ 9.) O'Brien then served the relevant documents on Caruso. (Id. ¶ 10.)

Caruso sharply disputes this account. He claims that O'Brien never ask him whether he was authorized to accept service on behalf of Coles, nor at any point did he indicate that such was the case. (Decl. of Michael Caruso ("Caruso Decl."), filed Mar. 28, 2012, ¶ 2.) Caruso maintains that he has never been authorized by appointment or by law to accept service on Coles' behalf. (Id. ¶ 3.)

Despite taking the position that the service on Caruso constituted effective service, Urbont has continued to retain O'Brien's services in an effort to locate Coles, but with no success. (O'Brien Decl. ¶ 11.) In fact, O'Brien has learned that Coles does not own any real estate or rent any property in his own name. (Id. ¶ 13.) Urbont notes that he has to this point spent thousands of dollars in attempting to serve Coles. (Thayer Decl. ¶ 6.)

Coles filed the instant motion to dismiss on March 28, 2012. Notably, as of the date of this decision, the time to serve Coles has yet to expire, as the Court previously extended the time for service to be completed until June 24, 2012.[3] (Pl. Mem. Ex. A.)

## DISCUSSION

### I. Legal Standards

On a motion to dismiss under Rule 12(b)(5) of the Federal Rules of Civil Procedure, "the plaintiff bears the burden of establishing that service was sufficient." Khan v. Khan, 360 F. App'x 202, 203 (2d Cir. 2010) (citing Burda Media, Inc. v. Viertel, 417 F.3d 292, 298 (2d Cir. 2005)). A plaintiff must establish a prima facie case of proper service "through specific factual allegations and any supporting materials." Sikhs for Justice v. Nath, No. 10 Civ. 2940, 2012 WL 760164, at *3 (S.D.N.Y. Mar. 7, 2012) (internal quotation marks omitted). In resolving a 12(b)(5) motion to dismiss, "a Court must look to matters outside the complaint to determine whether it has jurisdiction." Id. (quoting Mende v. Milestone Tech., Inc., 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003)).

---

[3] The Court has granted two such extensions, the first of which extended the time to complete service until March 26, 2011. (Docket No. 14.)

4

## II. Attempted Service on Caruso as Agent

Rule 4(e) of the Federal Rules of Civil Procedure sets forth the available methods for serving an individual who is located within the United States. Under Rule 4(e)(1), a defendant may be served pursuant to the law of the state where the suit is brought or where service is to be made. In this case, Section 308 of the New York Civil Practice Law and Rules ("C.P.L.R.") provides the applicable state rules for service on an individual. Relevant for present purposes, Section 308(3) allows for an individual to be served "by delivering the summons within the state to the agent for service of the person to be served." C.P.L.R. § 308(3). Rule 4(e)(2)(C) of the Federal Rules of Civil Procedure offers an analogue to this provision, allowing for a defendant to be served by "delivering a copy of [the summons and complaint] to an agent authorized by appointment or by law to receive service of process."

Although "performing artists and professional athletes have managing agents, . . . such agents are not authorized, as such, to accept process for their clients." Vincent C. Alexander, Practice Commentaries, C308:4, in 7B McKinney's Consolidated Laws of New York (2011) (citing Edward V. Green Enters., Inc. v. Manilow, 427 N.Y.S.2d 199 (N.Y. Sup. Ct. 1980)). Even if Caruso did, as Urbont contends, affirmatively indicate that he was authorized to accept service on Coles' behalf, such a statement

5

is irrelevant "in the absence of proof that the defendant himself knew of such representations." Broman v. Stern, 567 N.Y.S.2d 829, 831 (2d Dep't 1991); see also Jackson v. Cnty. of Nassau, 339 F. Supp. 2d 473, 479 (E.D.N.Y. 2004) ("Where . . . there is no evidence of any appointment and none that defendant knew of any representation of agency, service cannot be sustained under Section 308(3)."). Given that Urbont has submitted no evidence to suggest that Coles authorized Caruso to act as his agent for purposes of service - a fact we would find highly doubtful given Coles' efforts otherwise to evade service - we are compelled to find that the attempted service on Caruso was not effective. Cf. Jackson, 339 F. Supp. 2d at 477-79 (finding service not valid under Section 308(3) given lack of evidence that purported agency was authorized).

### III. Alternative Service

A district court need not dismiss an action due to incomplete or improper service if "it appears that proper service may still be obtained." Jaiyeola v. Carrier Corp., 73 F. App'x 492, 494 (2d Cir. 2003) (quoting Romandette v. Weetabix Co., 807 F.2d 309, 311 (2d Cir. 1986)). It is plain in this case that proper service may still be obtained, as the Court has previously extended the time for Urbont to serve Coles until June 24, 2012, and Urbont has indicated a willingness to pursue several alternative means of effecting service.

Pursuant to Section 308(5) of the C.P.L.R., "if service is impracticable" under the provisions of Section 308 that allow for personal service, leave-and-mail service, and nail-and-mail service, service may be authorized "in such a manner as the court . . . directs." The proper understanding of "impracticability" varies based on the facts and circumstances of each case, but a plaintiff need not demonstrate due diligence or actual attempts to serve a defendant under the other prescribed methods of service to trigger application of Section 308(5). SEC v. HGI, Inc., No. 99 Civ. 3866 (DLC), 1999 WL 1021087, at *1 (S.D.N.Y. Nov. 8, 1999) (citing cases).

Here, we need not address the precise standard for impracticability because Urbont has demonstrated due diligence in attempting to serve Coles via the traditional means of service. Moreover, there does not appear to be any viable avenue for completing such service moving forward, as Urbont's private investigator has been unable to locate an address at which Coles can be found. Under these circumstances, we have little difficulty concluding that the other prescribed methods of service under Section 308 are impracticable. See SEC v. Nnebe, No. 01 Civ. 5247 (KMW)(KNF), 2003 WL 402377, at *3 (S.D.N.Y. Feb. 21, 2003) (noting that "courts have found service to be impracticable where the defendant could not be located by means of a diligent search").

7

One method of service that courts have authorized under Section 308(5) is service by publication notice. See, e.g., Nnebe, 2003 WL 402377, at *4; HGI, 1999 WL 1021087, at *2. The Second Circuit has noted that publication notice is particularly appropriate where, as here, there are indications that a defendant has engaged in "deliberate avoidance and obstruction" to prevent service from being effected. SEC v. Tome, 833 F.2d 1086, 1092 (2d Cir. 1987). Our decision to authorize service by publication notice also draws support from the fact that Coles clearly has actual notice of the instant suit, as he was served with the original complaint and is presently contesting the attempted service of the amended complaint. While the publication notice we authorize must still comport with the requirements of due process, we harbor no doubt that Coles will be "apprise[d] . . . of the pendency of the action" and will be afforded "an opportunity to present [his] objections." See id. at 1093 (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)) (noting that any due process concerns were mitigated by the fact that the defendants had actual notice of the suit).

## CONCLUSION

For the reasons stated above, Coles' motion to dismiss is denied. Urbont is directed to submit a proposed order to the

8

Court to effect service by publication notice in compliance with the requirements of Section 316 of the C.P.L.R.

**SO ORDERED.**

Dated:   New York, New York
         May 4, 2012

                                    _____
                                    NAOMI REICE BUCHWALD
                                    UNITED STATES DISTRICT JUDGE

Copies of the foregoing Memorandum and Order have been mailed on this date to the following:

**Attorney for Plaintiff:**
Richard S. Busch, Esq.
King & Ballow
315 Union Street, Suite 1100
Nashville, TN 37201

**Attorney for Defendant Coles:**
James P. Cinque, Esq.
Cinque & Cinque, P.C.
845 Third Avenue
New York, NY 10022