UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JACK URBONT,                                            11 CIV. 04516 (NRB)
                                                        ECF Case
                    Plaintiff,

       -against-

SONY MUSIC ENTERTAINMENT,
individually d/b/a EPIC RECORDS,
DENNIS COLES p/k/a GHOSTFACE
KILLAH, and RAZOR SHARP RECORDS,
LLC,

                    Defendants.

------------------------------------------------------------X


**MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT
OF MOTION TO WITHDRAW
AS COUNSEL FOR DEFENDANT
DENNIS COLES AND TO
<u>ENFORCE RETAINING LIEN</u>**


<u>STATEMENT OF FACTS</u>

The law firm of Cinque & Cinque, P. C. ("C&C") began representing defendant Dennis Coles in or about March 2012, and defendant agreed to pay C&C for its services at C&C's normal hourly rates and out-of-pocket disbursements on a monthly basis upon the rendition of statements. Defendant was fully informed of the fact that his failure to pay C&C for fees and disbursements incurred could result in an application by the firm to

withdraw from continued representation.

Statements reflecting services rendered, disbursements incurred and amounts owed were regularly sent to defendant during the course of this litigation and never once did he object to any of these statements. However, defendant substantially failed to pay the amounts due.

In addition, over the past several months C&C's many attempts to speak with defendant about discovery in this action went unanswered. As a result, aside from the fact that C&C had not been paid for its services, a substantial breakdown in the attorney/client relationship has occurred.

C&C requests that an Order be entered permitting them to withdraw as counsel for plaintiffs and determining and enforcing the firm's retaining lien.

## C&C SHOULD BE GRANTED LEAVE TO WITHDRAW AS COUNSEL

An attorney may withdraw as counsel by Court Order and upon a showing of satisfactory reasons for withdrawal by affidavit. Promotica of America, Inc. v. Johnson Grossfield, Inc., 2000 U.S. Dist. LEXIS 8594 (S.D.N.Y. 2000); Technology Express, Inc. v. FTF Business Systems Corp., 2000 U.S. Dist. LEXIS 18518 (S.D.N.Y. 2000); Itar-Tass Russian News Agency v. Russian Kurier, Inc., 1999 U.S. Dist. LEXIS 1101 (S.D.N.Y. 1999); Casper v. Lew Lieberman & Co., Inc., 1999 U.S. Dist. LEXIS 7779 (S.D.N.Y. 1999).

Local Civil Rule 1.4 addresses withdrawal of an attorney of record and provides that:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on calendar, and whether or not the attorney is asserting a retaining or charging lien....

It is well-settled that non-payment of fees is a valid basis for the Court to grant an attorney's motion to withdraw as counsel. Technology Express, Inc. v. FTF Business Systems Corp., 2000 U.S. Dist. LEXIS 18518 (S.D.N.Y. 2000); Promotica of America, Inc. v. Johnson Grossfield, Inc., 2000 U.S. Dist. LEXIS 8594 (S.D.N.Y. 2000); Itar-Tass Russian News Agency v. Russian Kurier, Inc., 1999 U.S. Dist. LEXIS 1101 (S.D.N.Y. 1999). An attorney is not required to represent clients who have not satisfied their obligation to the lawyer with regard to fees or expenses. By failing to pay the attorney fees, the client clearly breaches an agreement between the lawyer and client and thus justifies withdrawal. Id.

An attorney is not under an ethical responsibility to continue representing a client who has failed to pay his legal fees. New York Code of Professional Responsibility DR-2-110(c)(1)(f) states that "a lawyer may withdraw from representing a client...if the client...disregards an agreement or obligation to the lawyer as to expenses or fees." See also: Casper v. Lew Lieberman & Co., Inc., 1999 U.S. Dist. LEXIS 7779 (S.D.N.Y.

1999); and <u>Janssen-Meyers Associates, L.P.</u> v. <u>Citadel Computer Systems, Inc.</u>, 2000 U.S. Dist. LEXIS 18422 (S.D.N.Y. 1999).

In addition, defendant has failed to communicate with C&C despite repeated requests, and this breakdown of communication is another reason to grant the requested relief.

## CONCLUSION

For the reasons specified above, the application by C&C to withdraw as plaintiffs' counsel and to enforce its retaining lien should in all respects be granted.

Respectfully submitted,

CINQUE & CINQUE, P. C.

By: _____
James P. Cinque (JPC-3673)
845 Third Avenue, Suite 1400
New York, New York 10022
Telephone:  (212) 759-5515
Telefax:    (212) 759-7737
Email:      CINQUE845@aol.com